THE MOBILE FIRE DEPARTMENT INSURANCE COMPANY, plaintiff in error, *vs.* HENRY MILLER, defendant in error.

1. When the agent of an insurance company omitted to insert in a policy on a stock of general merchandise, permission to the assured to keep kerosene oil and powder in the same building with such stock, parol evidence was admissible to show knowledge of such keeping by the agent.
2. Though a policy specify that the application for insurance shall be considered as a warranty, and taken as a part of the contract, yet a misstatement in such application must, in some way, change the nature, extent, or character of the risk, in order to avoid the policy.
3. If the charge of the court be not set forth, it will be presumed, in the absence of the refusal of some request to charge, to have covered the principles of law applicable to the case.

Insurance.    Evidence.    Contracts.    Charge of Court. Before Judge TOMPKINS.    Chatham Superior Court.    May Term, 1877.

Reported in the decision.

W. D. HARDEN, for plaintiff in error.

R. E. LESTER, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant to recover the amount of a policy of insurance on his stock of general merchandise, such as is usually kept in country stores, contained in a two-story shingle-roof building, in Darien, Ga., which was destroyed by fire. On the trial of the case, the jury, under the charge of the court, found a verdict for the plaintiff for the sum of $5,000.00, with interest. The defendant made a motion for a new trial on the several grounds of error alleged therein, which was overruled by the court, and the defendant excepted.

The policy sued on states : " special reference being had to the insurance application, which is his warranty and a part hereof." Also, condition : " If an application, survey, plan, or description of the property herein insured, is referred to in this policy, such application, survey, plan, or description, shall be considered a part of this contract, and a warranty by the assured ; any false representation by the assured of the condition, situation or occupancy of the property, or any omission to make known every fact material to the risk, or an over-valuation, or any misrepresentation whatever, either in a written application or otherwise   *   *   *   then, and in every such case, this policy shall be void." And, again, it provides that the policy is made and accepted with reference to the foregoing terms and conditions, all of which are declared to be a part of the contract. The application referred to says : " Application and survey of Henry Miller, of Darien, Ga., on which insurance is predicated ; " " and the said applicant hereby covenants and agrees to and with the said company, that the foregoing is a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property to be insured, and the said answers are considered the basis on which insurance is to be effected, and the same is understood as incorporated in and forming a part and parcel of the policy," and is signed by H. Miller, and dated October 27th,

1874.   And, it is also stated in the policy, that "all fraud, or attempt at fraud, by false swearing, or otherwise, shall cause a forfeiture of all claim on this company under this policy."

In the application are the following questions and answers:  *Question*—If on stock, how often is inventory taken?  *Answer*—Twice a year.   *Question*—When was it last taken, and what amount did it reach?  *Answer*—Last April; $13,000.

It appears from the evidence in the record that the plaintiff was insured to the amount of $10,000—$5,000 in two other companies, by consent of defendant; that, at the time of the fire, he had a stock of $17,000; and, it also appeared in evidence, that the plaintiff had taken an inventory of his stock after the 4th of October, and it was then worth $7,600; and that afterwards he purchased in addition $11,000 worth of goods in Savannah, and had them at the time of the insurance.   The defendant's motion for a new trial was based on the following alleged grounds of error.

1. Because the court erred in admitting evidence that the agent knew before, and at the time of issuing the policy, that gunpowder and kerosene were to be kept by the assured, when said evidence was objected to on the ground that permission was not written on the policy.

2. Because the court erred in refusing to charge the jury as requested in writing, "that if they find the value of the property destroyed was so much less than the amount sworn to in the preliminary proofs, as not to be explained by unintentional mistake on the part of the plaintiff, they must find for defendant."   And in charging instead, "that if they find the value of the property destroyed was so much less than the amount sworn to in the preliminary proofs, as not to be explained by unintentional mistake on the part of the plaintiff, *but only wilful fraud and bad conduct on the part of the plaintiff*, then they must find for the defendant."

3. Because the court erred in refusing to charge the jury

as requested in writing, "that if they find that Miller made an application to the defendant, or its agents, for insurance on his stock of goods on the 27th day of October, 1874, and that such application is referred to in the policy issued thereon, such application is a warranty on the part of the assured, of the truth of all statements contained therein, and if they further find that in said application Miller represented that he had last "taken stock" in April, 1874, and that his stock was then, in April, 1874, of the value of $13,000, and further find that he, Miller, had taken stock in October, 1874, prior to making said application, and that his stock was then of the value of $7,600.00, or thereabouts, then the warranty was broken and the policy was void from the beginning, and they must find for the defendant;" and in charging instead, "that if they find that Miller made an application to the defendant or its agents, for insurance on his stock of goods on the 27th day of October, 1874, and that such application is referred to in the policy issued thereon, such application is a warranty, on the part of the assured, of the truth of all statements contained therein, and if they further find that in said application Miller represented that he had last "taken stock" in April, 1874, and that his stock was then, in April, 1874, of the value of $13,000, and further find that he, Miller, had "taken stock" in October, 1874, prior to making said application, and that his stock was then of the value of $7,600.00, or thereabouts, *and the jury further find that the omissson to state the facts of the inventory in October*, 1874, *by Miller, was a fact material to the risk assumed by the insurance company*, then the warranty was broken and the policy was void from the beginning, and they must find for the defendant."

4. Because the court erred in refusing to charge the jury as requested in writing, that "inquiry makes a fact material, the inquiry showing that the company so considered it, and the answer of the assured showing their acquiescence; and their agreement cannot be questioned."

5. Because the court erred in refusing to charge the jury as requested in writing, "that the application being made a part of the contract and a warranty by the assured, any false answer made to questions asked in said application, said answer having been warranted to be true, the policy is thereby void, and the question of materiality is not to be considered by the jury."

6. Because the court erred in charging, "that if the jury found that any fraud had been committed, or attempted, by *which the company had lost or was injured*, the policy was void."

7. Because the court erred in charging, "that a representation when made a warranty, must be material, and that the jury can judge of its materiality."

8. Because the charge of the court was contrary to law.

9. Because the verdict of the jury was contrary to the evidence.

10. Because the verdict of the jury was contrary to the charge of the court.

11. Because the verdict of the jury was contrary to the law and the evidence.

The evidence in the record discloses the fact that the plaintiff's stock of goods in his store at the time of the fire, amounted to at least $17,000. The defendant's agent, who went to Darien soon after the fire, to adjust the loss, estimated the stock of goods in plaintiff's store at the time of the fire, at $17,637.55. There were other witnesses who estimated the stock at more than that, at the time of the fire.

Polak, the defendant's agent and adjuster, certified on the 29th of February, 1875 (the fire having occurred on the 14th of February), that having carefully examined the loss of Miller, for which the above claim is made, and having investigated the circumstances attending the origin of said fire, he believes that claimant has suffered loss (without fraud) to the amount of from $12,000 to $15,000.

1. There was no error in admitting the evidence that the agent of the defendant knew before, and at the time of the

issuing of the policy, that gunpowder and kerosene were to be kept by the assured, in view of the facts disclosed in the record—May on Ins., §130. The omission to insert the permission in the policy, was the fault of the defendant's agent, as shown by his evidence, and the following letter, written by him to the plaintiff before the fire:

"AGENCY AT SAVANNAH, GA., January 5th, 1875.
*Mr. Henry Miller, Darien, Ga.*:

"DEAR SIR—In looking over our register, we find that we omitted to give you permission to keep kerosene oil and powder. We therefore inclose a permit, which please file with your policy."

2. It was insisted on the argument for the plaintiff in error, that inasmuch as the insured, in answering the questions propounded to him when he made his application for the policy, stated that the last inventory of his stock was made in April last, when the evidence showed at the trial, that he had taken stock in October, a short time before the policy was issued, therefore, his statement being untrue in that particular, made the policy void in law, whether it materially affected the risk of the defendant or not, or whether it was wilfully and fraudulently made or not, or whether it was an unintentional mistake or not, and being a question of law exclusively, the court erred in submitting any of those questions to the jury in its charge under the evidence. The 2802d section of the Code of this state declares that "every application for insurance must be made in the utmost good faith, and the representations contained in such application, are considered as covenanted to be true by the applicant. Any variation by which the nature, or extent, or character of the risk is changed, will void the policy;" that is to say, any variation by which the nature, or extent, or character of the risk is changed, will constitute a breach of that covenant, and will void the policy. It is not any and every variation from the representations contained in the application, that will constitute a breach of the covenant of warranty and void the policy. The variation must be such as to change the nature, or extent, or character of

*the risk*, in order to void the policy.   If the insured should state in his application for a fire policy, in answer to the question as to what was his age, that he was thirty years old, when in fact he was thirty-one, it would be a variation, but not such a variation as would change the nature, or extent, or character of the risk of the insurance company. Again, the 2802d section declares that "Any verbal or writ ten representation of facts by the assured to induce the acceptance of the risk, *if material*, must be true, or the policy is void."   A failure to state a material fact, if not done *fraudulently*, does not void the policy, but the wilful concealment of such a fact, which would *enhance the risk*, will void the policy—Code, §2804.    *Wilful* misrepresentation by the assured, as to any *material* inquiry made, will void the policy — Code, §2806.    Whether the variation claimed in this case, changed the nature, or extent, or character of the defendant's risk, or whether it was material, or done wilfully, or fraudulently, were questions of fact to be determined by the jury from the evidence, and not questions of law for the court to decide.   In view of the provisions of our Code, and the interpretation thereof by this court, in *The Southern Life Insurance Company vs. Wilkinson*, 53 *Ga. Rep.*, 535, there was no error in overruling the second, third, fourth, fifth and seventh grounds of the motion for a new trial.

3. The sixth ground of alleged error is that the court charged the jury, " that if they found any fraud had been committed, or attempted, by which the company had lost or was injured, the policy was void."   The point made by the plaintiff in error is, that if the assured *attempted* to commit a fraud upon the company, and failed, although the company lost nothing, and was not injured, still the *attempt* to defraud would void the policy.   We recognize the principle that, by the terms of the policy, a *wilful* attempt at fraud by the insured, by false swearing, or otherwise, would void the policy, and the question is, whether that is not the fair interpretation of the charge of the court, in view

of the evidence in the record?   The entire charge of the court is not set forth, but the presumption is, that the court gave the proper explanation in relation to this point in the case, in the absence of its general charge, but if it did not, it was the privilege and duty of the defendant to have requested the court to have done so, if it had not been satisfied with the charge as given, or to have set forth what was the entire charge of the court in relation to that point in the case.

There being sufficient evidence to sustain the verdict, it was not contrary to law or evidence.

Let the judgment of the court below be affirmed.