THE PHENIX INSURANCE COMPANY *vs.* FULTON.

Where insurance to the amount of $1,000 was applied for and obtained on a house shown to have been worth from $1,200 to $1,500, which was located on land worth from $6,500 to $10,000, in a suit on the policy, there was no error in submitting to the jury the question whether or not it was a material misstatement, in the application for insurance, to say that there was no incumbrance on the insured property when, in fact, there was an incumbrance of $500 on it and the land on which it was situated.

December 12, 1887.

Insurance. Fraud. Liens. New trial. Before Judge FAIN. Bartow superior court. July term, 1887.

Fulton sued the insurance company on a policy cover-
ing three frame houses, his dwelling and two out-houses in
the country, occupied as his residence. The defendant
pleaded as follows: In plaintiff's written application for
the insurance, among the interrogatories touching the prop-
erty were these: "What is the title (answer particularly)?
Is your property encumbered? By what and to what
amount?" To the first question plaintiff answered "Abso-
lute"; to the second he answered, "No." In fact, the Uni-
versity Bank of Athens then held plaintiff's deed convey-
ing the property in fee simple to secure a loan, which was
then unpaid. The representations in the answer were
made by plaintiff to induce the acceptance of the risk,
and the facts they stated untruly and materially affected
the nature, extent and character of the risk. The policy
was issued because of said representations, and their un-
truth was never discovered by defendant until after loss
occured. Further, plaintiff covenanted in his application
that, if any untrue answer had been given to the interrog-
atories, the policy should be void. Had the incumbrance
been communicated to defendant and not denied in the
application, it would not have issued the policy, and had
it been subsequently discovered, it would have cancelled
the policy; etc.

The court charged as follows: "If the plaintiff's interest
in the property insured was not such as he represented it
to be in his application in a material particular, the policy
sued on cannot be sustained. Misrepresentation in an im-
material particular does not vitiate the policy."

After verdict for the plaintiff, a new trial was moved
for and refused, and the defendant excepted.

· John C. Reed, for plaintiff in error, cited Code §2795;
10 Pet. 516; May. Ins. §195; 39 Ind. 486; 30 Mo. 68; 1
Arnold Ins. 536; 2 Duer Ins. 393; 3 Burr. 1911; 3 Dal-
las, 491; 100 N. Y. 536, 539; Code, §§2802, 2803, 2804,
2806; 28 *Ga.* 255, 256; 58 *Ga.* 420; 41 *Ga.* 366; 53 *Ga.*

The Phenix Insurance Company vs. Fulton.

550; 21 Pa. St. 466; May. Ins. §195; 1 Gr. Ev. §§441, 40; 19 Pick. 112; 8 Jones (N. C.) L. 240; 115 U. S. 339; 19 Ill. App. 565; Code, §§2634, 3173, 3174, 3175, 3117; 6 *Ga.* 477; 14 *Ga.* 387.; 70 *Ga.* 273; 36 *Ga.* 648; 52 *Ga.* 199, 200; 45 *Ga.* 16; 36 *Ga.* 651; 26 *Ga.* 422.

J. A. BAKER, *contra*, cited Code, §§2802, 2803, 2806; 53 *Ga.* 537; 58 *Ga.* 251 420; 42 *Ga.* 587, 592; 63 *Ga.* 669, 671; 53 *Ga.* 578; 76 Am. D. 581; 29 Conn. 10; 20 Am. D. 507, note 510; 79 Am. D. 673, note on page 680; 25 Am. Rep. 386; 30 Am. D. 90, note 101; May. Ins. §285; 2 Gr. Ev. §397; 58 *Ga.* 255, 256; Code, §2795; 76 Am. D. 581; 29 Conn. 10; 42 *Ga.* 587; Code, §2794; May. Ins. §172; Code, §2196; 1 Gr. Ev. §441; 45 Maine, 168; 71 Am. D. 536, 538, 539; 105 Mass. 298; 1 Smith's Lea. Cas. 902.

BLANDFORD, Justice.

The only question in this case is this: Fulton, in his application to this company for insurance upon a certain house, was asked whether there was any incumbrance upon it or not. He answered that there was not, when in fact there was an incumbrance of $500 upon it and the land on which it was situated. The court left it to the jury to say whether this misstatement by Fulton was a material misstatement in this case. The jury found that it was not, and found in favor of Fulton.

The insurance applied for was $1,000. The house was shown to have been worth from $1,200 to $1,500; the land, according to the testimony, was worth from $6,500 to $10,000. The incumbrance amounted only to $500.

According to our code, the misstatement must be material in order to void the policy. The question of whether it is material or not, is a question for the jury, and in this case was properly left to the jury. There is no complaint that the question was not fairly submitted to them. We think there was sufficient evidence to authorize their find-

ing. They might very well have considered that, where there was only an incumbrance of $500 upon premises of the value testified to, the failure to state it in the application was not such a material misstatement as would void the policy. The jury having so found, we affirm the judgment of the court below in refusing the grant of a new trial.

Judgment affirmed.