### TORBERT v. CHEROKEE INSURANCE COMPANY.

ATKINSON, J. 1. To a suit on an insurance policy the defendant filed two pleas: (a) that the policy was fraudulently procured by the beneficiary upon the life of a person other than the person described in the application; (b) that certain representations and statements were made in the application for the policy, which also contained a covenant that the applicant warranted the same to be true, and agreed that the policy should be null and void if they should be untrue; and that the representations were in point of fact untrue and of such a character as to materially alter the risk. The application was not attached to the policy nor referred to therein. *Held:* The application is not to be regarded as a part of the contract. Civil Code, § 2471; *Johnson* v. *American National Life Insurance Co.*, 134 *Ga.* 800 (68 S. E. 731); *Puryear* v. *Farmers Mutual Insurance Association*, 137 *Ga.* 579 (73 S. E. 851). Accordingly it was erroneous to charge the jury that "Whenever an applicant for life insurance makes material representations in his application, and covenants that they are true, and these representations are made the basis of a contract of insurance, such contract is void if the representations vary from the truth in such manner as to change the nature, extent, or character of the risk. This is true although the applicant may have made the representations in good faith, not knowing that they were untrue."

2. It was not erroneous to exclude from evidence a letter purporting to have been written by a medical examiner of the insurance company, containing certain admissions against the company, without other evidence to show agency and that the admissions were made within the scope of his agency.

3. Certain testimony in regard to an alleged interview by the superintendent of the defendant company with a witness was rejected. If the purport of the testimony was that the superintendent was seeking to induce the witness to swear falsely concerning a thing material to the

defense, the evidence was admissible, but was not so if the superintendent was merely seeking to obtain truthful evidence to sustain the defense. The ground of the motion does not make it appear clearly which was the fact.

4. Other assignments of error were not meritorious, or of such character as require elaboration.    *Judgment reversed. All the Justices concur.*
                    JUNE 10, 1914.

Action upon insurance policy. Before Judge Gilbert. Muscogee superior court. February 4, 1913.

*McCutchen & Bowden,* for plaintiff.

*James L. Willis* and *Barry Wright,* for defendant.