CONNECTICUT MUTUAL LIFE INSURANCE COMPANY *v.* MULKEY.

ATKINSON, J. 1. A policy of life insurance contained a provision as follows: "This policy and the application therefor, a copy whereof is hereunto attached, shall constitute the entire contract between the parties, and all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall be used in defense to a claim under this policy, unless contained in said application and a copy of the application shall be attached to the policy when issued." The application attached to the policy contained questions propounded to the applicant, and answers thereto, as follows: "(a) Do you use beer, wine, or other alcoholic stimulants daily and habitually? No. (b) If not daily, how often? None. (c) What is used and how much? None. (d) What have your past habits been in this respect? Formerly temperately. (e) Have you ever used any of them to excess? No." Following the answers thus made was this stipulation: "I hereby agree that the answers and statements in this application, consisting of parts 1 and 2 on separate sheets, are true and full; that any policy to be issued on this application shall not be in force or binding on the company until the advance premium thereon

shall have been actually paid while I am living; and that this application and the several answers, statements, and agreements herein contained shall be the basis of and a part of the consideration for the contract of insurance, and this application and such policy shall constitute the entire contract." *Held:* Under former rulings of this court, in a suit for the amount of the policy, where the defendant pleaded that it was void on the ground that the answers to the above questions were untrue, under the evidence introduced it was for the jury to say whether the representations thus made were material to the risk, and there was no error in submitting that question under appropriate instructions. *Massachusetts Benefit Life Association* v. *Robinson,* 104 *Ga.* 256 (30 S. E. 918, 42 L. R. A. 261); *Phenix Insurance Company* v. *Fulton,* 80 *Ga.* 224 (4 S. E. 866).

2. It was not error requiring a new trial, that, upon the issues above stated as to the materiality of the questions and answers on the subject of risk, the medical directors and vice-president were not permitted to testify that they gave particular consideration to the statements of the insured as to his habits with respect to the use of intoxicating liquors, where it appears that the witnesses were permitted to testify substantially, but in other language, to the same effect.

3. Other assignments of error, based on the rulings of the court on the admissibility of evidence, and on the charge and refusal to charge, when considered in connection with the entire charge, afford no ground to require the grant of a new trial.

4. Though conflicting, there was evidence to authorize the verdict, and the discretion of the trial judge in refusing to grant a new trial will not be disturbed.    *Judgment affirmed. All the Justices concur.*

     SEPTEMBER 18, 1914. REHEARING DENIED SEPTEMBER 22, 1914.

Action upon life-insurance policy.   Before Judge Pendleton. Fulton superior court. July 17, 1913.

*Watkins & Latimer,* for plaintiff in error.

*Horton Brothers & Burress* and *Anderson & Rountree,* contra.