NEW YORK LIFE INSURANCE CO. *v.* HOLLIS *et al.*

No. 9662. OCTOBER 13, 1933.

*Bryan, Middlebrooks & Carter* and *W. T. Lane & Son,* for plaintiff.

*J. A. Hixon,* for defendants.

BECK, P. J.   The New York Life Insurance Company brought its petition against Robert F. Hollis, individually and as administrator of the estate of Mrs. Eva C. Cooper, and Jere Hollis, to have canceled, by decree of the court, a reinstatement of a policy of life insurance which was issued to Mrs. Eva C. Cooper. Mrs. Cooper was alive at the time of the trial, but she died afterwards, and her administrator was made a party. The cancellation was sought upon the ground that the reinstatement had been obtained by false representations as to material facts, made by the insured in her application for the reinstatement, on June 1, 1927.

The verdict was in answers of the jury to certain questions submitted to them, and upon these answers the court entered a decree in favor of the defendants, denying cancellation of the policy. To this decree the plaintiff excepted pendente lite. The plaintiff filed also a motion for a new trial, and to the overruling of this motion it also excepted.

 It is contended by the defendants that while the insured, Mrs. Eva Cooper, made application as alleged for reinstatement of her policy as of a policy which had lapsed for non-payment of a premium, as a matter of fact the policy had not lapsed or been forfeited, but that the premium due on April 21, 1927, was paid before the lapse of the period of grace allowed in the policy, that is, thirty days after the premium became due, and that the jury were authorized to find in favor of the defendants on the question

whether or not the policy had lapsed. We can not agree to this contention. We think the evidence demanded a finding that the premium had not been paid until after the period of grace, thirty days, had elapsed.

■ One of the questions propounded for answer by the jury in this case was as follows: "Q. At the time Mrs. Eva C. Cooper, the defendant, on June the first, 1927, in writing, applied to New York Life Insurance Company for the reinstatement of the policy which is the subject-matter of this case, had she been treated by Dr. W. S. Prather?" The jury returned an affirmative answer. The second question was "If you answer that she had been treated by Dr. Prather, approximately how many times had she been treated, and over what period?" The answer was: "About 9 times, in 24 months." To another question the jury returned the answer that the insured had been treated for "periodical headaches." In the policy in question is the following provision: "At any time within five years after any default, upon written application by the insured and upon presentation at the home office of evidence of insurability satisfactory to the company, this policy may be reinstated together with any indebtedness in accordance with the loan provisions of the policy, upon payment of loan interest, and of arrears of premiums with five per cent. interest thereon from their due date." In the application for reinstatement appear the following question and answer: "Q. Within the past 24 months have you had any illness or have you consulted or been treated by any physician or physicians? If so, give full details including nature, date and duration of each illness, the name of each physician, and the dates of consultation or treatment." A. "No."

The finding of the jury was that Mrs. Cooper had been treated several times by a physician within twenty-four months next preceding her application for reinstatement of the policy. Her answer was as to a material fact; and if it was not true, the insurance company was entitled to have the reinstatement set aside. The testimony of Mrs. Cooper herself did not contradict the finding of the jury. According to that finding and the statement of Dr. Prather himself, this doctor had treated Mrs. Cooper several times. He testified, in part, as follows: "I prescribed for Mrs. Cooper as her physician in 1926; that was for a headache. This other prescription, marked June 11th, 1926, which you show me, is a diar-

rhea, bowel mixture, something for the intestines. This is called Bryant's Colic Mixture; it is composed of sulphuric ether, etc. She was suffering with diarrhea when I gave her that mixture. I attended Mrs. Cooper, as her physician, when I issued that prescription. I don't know whether this was written at her home or at my office. Regardless of where it was written, the occasion of my issuing that prescription was in the performance of my professional duties as Mrs. Cooper's physician. The one you show me, dated June 11th, 1926, that was for the same purpose, and given at the same time. This prescription is carbohydrate of glycerine and phenacetine; it is for intestinal trouble, and also to control fever; she must have had a little fever at that time. I issued that prescription as her physician on the same day I gave her the other prescription. I wrote them both at the same time. Mrs. Cooper's condition at that time was such as necessitated professional treatment of her by me. This prescription dated January 1st, 1927, is just an intestinal laxative. That isn't my prescription. That is Dr. S. P. Wise; he is a practicing physician. I issued this prescription marked 11-8-26, to Mrs. Cooper; this is for nervousness." And there was other testimony by Dr. Prather, substantially to the same effect, and not contradicted.

"Whether misrepresentations are material is ordinarily a question for the jury; but where, as here, the evidence excludes every reasonable inference except that they were material, no issue is presented upon that point for determination by the jury." *Jefferson Standard Insurance Co.* v. *Henderson,* 37 *Ga. App.* 704 (14 S. E. 498). It would seem that in some cases a mere headache would be a negligible matter; but the insured in this case had been treated for other sickness than that of a mere headache. If she had had merely headaches and had been treated for those headaches by a physician, the insurance company should have been informed of the fact by a truthful answer to the question contained in her application. A misrepresentation as to whether the insured had been attended by a physician, whether for a headache or other ailment, was material, because the company would, upon being informed that she had been treated many times for headache, have had the right to investigate and to ascertain for itself how serious was the ailment for which she had been treated.

There are other questions in this record; but the foregoing rul-

ings are upon the controlling question in the case, and under these rulings a new trial must be granted, and the decree excepted to must be set aside. *Judgment reversed. All the Justices concur.*