VAUGHN *v.* NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY.

No. 13036.  OCTOBER 13, 1939.

123

*Smith & Wilds* and *W. L. Bryan,* for plaintiff in error.
*William F. Buchanan,* contra.

DUCKWORTH, Justice. ■ The pleadings present two questions: (1) Did the insured give untrue answers to the questions in the application? (2) If so, were they material, and did they change the nature or extent or character of the risk? Since the case is

here not on a question of evidence, we must conclude that untrue answers were made by the insured. This confines our consideration to the question whether the variations changed the nature, extent, or character of the risk. In *Lee* v. *Metropolitan Life Ins. Co.*, 158 *Ga.* 517 (2) (123 S. E. 737), it was said: "A material representation in an application for life insurance is 'one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing the amount of the premium in the event of such acceptance.'" This definition was restated in *Phillips* v. *New York Life Ins. Co.*, 173 *Ga.* 135 (159 S. E. 696). Counsel for the defendant in error contends that the effect of the ruling in *New York Life Ins. Co.* v. *Hollis*, 177 *Ga.* 805 (171 S. E. 288), is that the nature of the ailment for which the physician attended the insured is not involved, but that when it has been determined that the representation by the insured that he had not been attended by a physician was false, the variation instantly and without more becomes such a variation as voids the policy. Admittedly some of the language employed in that opinion tends to support such a construction. However, the facts involved in that case as reported show that the insured was treated by a physician and prescription given for intestinal trouble and to control fever and for nervousness. The opinion was rendered upon these facts, and any ruling made outside them was obiter and is not controlling. The judgment there under review was a denial of the prayer of the insurer to cancel the policy, and this court reversed the judgment. The meaning of that decision is that the proved facts, which were uncontradicted, demanded a finding that the variation affected the nature or extent or character of the risk, and thus voided the policy.

It can be argued with much force and reason that withholding from the insurer the fact that the insured has been attended by a physician materially affects the risk, and that the insurer might have declined the risk if it had known this fact; and that as a contracting party the insurer is entitled to stand on an equality with other contracting parties in exercising its free choice in accepting or rejecting a risk. But the weakness of such argument lies in the fact that this subject has been considered and fully dealt with by the legislature, which in the exercise of its constitutional power has prescribed the rule that must be applied in such cases.

Code, §§ 56-820, 56-821, 56-908. By this law the parties and the courts are bound. It provides that such variations will void the policy only when they change the nature or extent or character of the risk. Physicians could be consulted on numerous matters that would not materially change the nature or extent or character of the risk. Such consultations, contrary to representations of the insured, manifestly would not under the statute void the policy. No doubt in enacting these statutes the legislature had in mind the probability of an insured, due to forgetfulness because of its lack of importance, stating in his application that he had not consulted a physician, when in fact he had consulted a physician and received treatment for a cold that had long since disappeared entirely. And by the statutes it was intended to make sure that the family of such an insured should not be denied his insurance money solely because of such innocent and harmless oversight. Whether misrepresentations are material is ordinarily a question for the jury. *Mobile Fire Department Ins. Co.* v. *Miller,* 58 *Ga.* 420; *Phenix Ins. Co.* v. *Fulton,* 80 *Ga.* 224 (4 S. E. 866) ; *Massachusetts Benefit Life Asso.* v. *Robinson,* 104 *Ga.* 256 (8) (30 S. E. 918, 42 L. R. A. 261) ; *Connecticut Mutual Life Ins. Co.* v. *Mulkey,* 142 *Ga.* 358 (82 S. E. 1054) ; *John Hancock Mutual Life Ins. Co.* v. *Yates,* 182 *Ga.* 213, 216 (185 S. E. 268). But where the evidence excludes every reasonable inference except that they were material, no issue is presented upon that point for determination by the jury, and it should be decided by the court. *Phillips* v. *New York Life Insurance Co.,* supra; *New York Life Ins. Co.* v. *Hollis,* supra; *National Life & Accident Ins. Co.* v. *Gordon,* 183 *Ga.* 577 (188 S. E. 894) ; *Jefferson Standard Life Ins. Co.* v. *Henderson,* 37 *Ga. App.* 704 (141 S. E. 498).

■ While the questions of fact submitted by the insurer and answered by the jury failed to require a finding relating to any ailment of the insured for which he was treated, and in this respect the questions were insufficient and the verdict failed to support the decree, yet the plaintiff in error consented to the questions submitted, and her only attack on the decree is the alleged error in rejecting her cross-questions. The burden is upon her to show error in the judgment, and she is confined in showing this to the attack she makes thereon. The cross-questions were inappropriate, and were properly rejected. There was no need to show that the

126

insured was treated for a "serious illness;" and the further questions, relative to whether the illness related directly to the cause of death or was material to the risk, being predicated upon the one as to "serious illness," must fall with it. Nor is the knowledge of the insured of his condition material, when all charges of fraud on his part have been stricken from the petition. The court did not err in refusing to submit the cross-questions; nor are the verdict and decree erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*