29141. SMITH *v.* NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY.

DECIDED SEPTEMBER 30, 1941.

4

 

*Paul W. Hughes,* for plaintiff.

*William F. Buchanan, Truett Brookshear,* for defendant.

GARDNER, J. We think there was no error in the judgment. It is clear to us from the evidence, under the provisions of the policy and the application for reinstatement, that the insured wilfully misrepresented a material fact on which the company relied, and that the company was within its rights in refusing to pay. The verdict was amply sustained by the evidence. This case is controlled by the principles announced in *Phillips* v. *New York Life Insurance Co.,* 173 *Ga.* 135 (2) (159 S. E. 696): "A wilful misrepresentation of material facts, made by the assured in the application for reinstatement, to induce the reinstatement of a policy of life insurance which has lapsed, will void the policy." Also controlling is *New York Life Insurance Co.* v. *Hollis,* 177 *Ga.* 805 (2) (171 S. E. 288): "Under the evidence a finding was demanded that the reinstatement of the policy which had lapsed for nonpayment of a premium should be set aside and canceled, because obtained by untrue answers to questions contained in the application, and because the misrepresentation was as to material facts." The evidence was uncontradicted that the insured had consulted Dr. Barber who sent him to a clinic for examination, and that he died within less than a month from the date of the renewal of the policy of the disease discovered by the clinic test. The attorney for the plaintiff contends that since it does not appear that the deceased was treated by a physician before the application for revival was made, and since it does not appear that the deceased knew of his condition, and since the application for revival was not attached to and made a part of the policy, that the plaintiff is entitled to recover. We find no decision to sustain such contentions under the facts of this case. We find no evidence in the record which intimates that the agent of the company who received the application and witnessed the signature of the deceased thereon had any knowledge that the deceased had consulted Dr. Barber, or had been to the clinic, or that this agent had any reason to suspect that the de-

ceased had done so. Therefore, the authorities on which the plaintiff relies, involving cases where the physical condition of the applicant was material and was known to the agent, do not apply to a case based on facts such as appear in the instant case. See in this connection *National Life & Accident Insurance Co.* v. *Fischel,* 62 *Ga. App.* 645 (9 S. E. 2d, 192); *National Life & Accident Insurance Co.* v. *Strother,* 53 *Ga. App.* 241 (185 S. E. 373).

The plaintiff cites, in support of her contention that the court erred in denying a new trial, *Interstate Life & Accident Co.* v. *Bess,* 35 *Ga. App.* 723 (134 S. E. 804); *Gulf Life Insurance Co.* v. *Le-Croy,* 181 *Ga.* 243 (182 S. E. 378); *Southern Life Insurance Co.* v. *Logan,* 9 *Ga. App.* 503 (71 S. E. 742); *National Life & Accident Insurance Co.* v. *Lee,* 46 *Ga. App.* 4 (166 S. E. 253); *John Hancock Mutual Life Insurance Co.* v. *Yates,* 50 *Ga. App.* 713 (179 S. E. 239); *Metropolitan Life Insurance Co.* v. *Bugg,* 48 *Ga. App.* 363 (172 S. E. 829); *Mutual Benefit Health &c. Asso.* v. *Bell,* 49 *Ga. App.* 640 (176 S. E. 124). Since we have set out in detail the material facts and the principles of law applicable thereto in this opinion we do not think it necessary to go into detail in discussing the cases cited by the plaintiff in error. Suffice it to say that the issues which were submitted under the facts involved in those cases were not at all similar to those presented by the facts in this case. There is no conflict between the authorities cited and the opinion in the instant case. The plaintiff seems to overlook the fact that the gist of the issue in the case at bar is that the deceased was asked if he had been attended by a physician, and he answered "No." This was a material misrepresentation. There is nothing to show that the company knew this answer was untrue or that it was not voluntarily and wilfully made for the purpose of obtaining a revival of the policy. The reinstatement of the policy was voided thereby. The evidence demanded such a finding. The assignments of error under the general grounds are without merit. Since the assignments of error in the amended motion are not argued and insisted on they are considered as abandoned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*