29662. NATIONAL LIFE & ACCIDENT INSURANCE COMPANY *v.* PRESTON.

DECIDED DECEMBER 3. 1942. REHEARING DENIED DECEMBER 17, 1942.

*Martin, Martin & Snow,* for plaintiff in error.
*Hall & Bloch,* contra.

BROYLES, C. J. Mrs. Amie Preston sued National Life & Accident Insurance Company on a policy of insurance issued to her husband, James E. Preston, in which she was named as beneficiary. The defendant pleaded that the policy was void because of material misrepresentations in the application. A verdict for the plaintiff was returned; a motion for a new trial was denied and the movant excepted.

The application signed by the insured was attached to and made a part of the policy. It contained, among others, the question: "State names and addresses of physicians you have ever consulted and give the occasion by reference to question numbers and letters above." In reply the applicant answered: "Doctor Bailey, Newnan, Georgia. Influenza. 1919, duration two weeks; recovery complete." In the application the insured made the following agreement: "That each of the statements contained herein is full, complete, true and without exception, unless such exception is noted, and made as inducements to the execution of a policy of life insurance for which this is an application." The true meaning of the answer to the question was that the applicant had *never* consulted any physician except Dr. Bailey, of Newnan, Georgia, on one occasion in 1919, and then for influenza only. On the trial the evidence showed the following undisputed facts: The insured signed the application on September 5, 1940, and the policy was issued five days later; Dr. C. C. Harrold treated the insured for a pre-cancerous sore or irritation on his lip, called "keratosis," during 1937, on the following dates: April 8 and 29, June 11, and August 8 and 10. Dr. Harrold applied radium to the keratosis on three of those occasions. Dr. Harrold next saw the insured in October, 1940, and the insured then had a cancer on the floor of his mouth, under his tongue. The insured died on March 5, 1941. Thus, it clearly appears from the above undisputed evidence that the insured misrepresented in his application that he had *never* consulted any physician, except Dr. Bailey, of Newnan, Georgia, in 1919, and then for influenza only.

In our opinion the evidence demanded a finding that the misrepresentation was material in that it was a concealment of a fact material to the risk and an inducement to the defendant to issue the policy. This is true although the evidence did not demand a

finding that the keratosis was cancerous, or that it had any connection with the cancer that caused the death of the insured. In *New York Life Insurance Co.* v. *Hollis,* 177 *Ga.* 805 (171 S. E. 288), the court said: "It would seem that in some cases a mere headache would be a negligible matter; but the insured in this case had been treated for other sickness than that of a mere headache. If she had had merely headaches and had been treated for those headaches by a physician, the insurance company should have been informed of the fact by a truthful answer to the question contained in her application. A misrepresentation as to whether the insured had been attended by a physician, whether for a headache or other ailment, was material, because the company would, upon being informed that she had been treated many times for headache, have had the right to investigate and to ascertain for itself how serious was the ailment for which she had been treated." In that case the judgment against the insurance company was reversed.

The headnote in the instant case is quoted from the headnote in *Jefferson Standard Life Insurance Co.* v. *Henderson,* 37 *Ga. App.* 704 (141 S. E. 498). The facts of that case are almost identical with those of this case, and there the judgment in favor of the plaintiff was reversed on the ground that the evidence conclusively showed that the insured in his application misrepresented that he had not received medical attention within the past five years and that he had not within that period consulted a doctor for any cause except for influenza in 1918. And the court said: "It was not necessary that the defendant should show actual moral fraud on the part of the insured. Any material misrepresentation whereby the nature, extent, or character of the risk was changed avoided the policy, whether made in good faith or fraudulently. Whether misrepresentations are material is ordinarily a question for the jury, but where, as here, the evidence excludes every reasonable inference except that they were material, no issue is presented upon that point for determination by the jury. Such is this case. It is really controlled by the decision in the recent case of *Sovereign Camp* v. *Parker,* 36 *Ga. App.* 695 (138 S. E. 86), and cit. The decision in *Interstate Life &c. Co.* v. *Bess,* 35 *Ga. App.* 723 (134 S. E. 804), is inapplicable, since in that case the suit was upon a policy to which the application was not attached, and

in such a case, where the suit is not on a fraternal insurance certificate, or the like, material statements or misrepresentations made by way of application will not void the policy unless they be not only false but fraudulent. A different rule obtains, however, when the application is attached to and made a part of the policy." That case was cited and approved in *New York Life Insurance Co.* v. *Hollis,* supra. See *Smith* v. *National Life & Accident Insurance Co.,* 66 *Ga. App.* 1 (16 S. E. 2d, 763), where the insured, in order to obtain a reinstatement of his policy of life insurance (which had lapsed for non-payment of premiums), falsely stated in his application for reinstatement that he had not been attended by a physician. Upon his death the beneficiary brought suit on the policy and a verdict for the defendant was returned. And this court, in affirming the judgment denying a new trial, held that the false statement in the application for reinstatement was a material misrepresentation, that the reinstatement of the policy was thereby voided, and that the evidence demanded such a finding. See *Northwestern Life Insurance Co.* v. *Montgomery,* 116 *Ga.* 799 (43 S. E. 79); *Mutual Benefit &c. Association* v. *Marsh,* 60 *Ga. App.* 431 (4 S. E. 2d, 84); *National Life &c. Insurance Co.* v. *Gordon,* 183 *Ga.* 577 (188 S. E. 894). Since the answer in the application in the instant case was untrue, and since it materially affected the risk, the provisions of the Code, § 56-822, are not here applicable, the language being: "A failure to state a material fact, if not done fraudulently, shall not void the contract; but the wilful concealment of such a fact, which would enhance the risk, shall void the policy." *National Life &c. Co.* v. *Gordon,* supra. In our opinion a verdict for the defendant was demanded by the evidence, and the denial of a new trial was error.

Counsel for the defendant in error have not cited any decision of the Supreme Court, but they have cited several of this court which apparently are in conflict with the present holding and the rulings of the Supreme Court as cited in this opinion. However, the decisions of the Supreme Court are binding as precedents on this court and must be followed by us.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*

ON MOTION FOR REHEARING.

BROYLES, C. J. In the motion for a rehearing of this case counsel for the movant cite *Vaughn* v. *National Life &c. Co.,* 189

*Ga.* 121 (5 S. E. 2d, 238), which they admit was not cited in their original brief, where the court said: "Physicians could be consulted on numerous matters that would not materially change the nature or extent or character of the risk. Such consultations, contrary to representations of the insured, manifestly would not under the statute void the policy. No doubt in enacting these statutes [Code, §§ 56-820, 56-821, 56-908] the legislature had in mind the probability of an insured, due to forgetfulness because of its lack of importance, stating in his application that he had not consulted a physician, when in fact he had consulted a physician and received treatment for a cold that had long since disappeared entirely. And by the statutes it was intended to make sure that the family of such an insured should not be denied his insurance money solely because of such innocent and harmless oversight." However, in that case the court also said: "But where the evidence excludes every reasonable inference except that they [the untrue representations made by the insured in his application] were material, no issue is presented upon that point for determination by the jury, and it should be decided by the court." And in the instant case the undisputed evidence demanded a finding that the representations made by the insured were both untrue and material to the risk. Here, the insured had consulted a physician and received radium treatment on several occasions, not for a mere temporary cold, but for a pre-cancerous sore, called "keratosis," on his lip, and had died a few years later from a cancer on the floor of his mouth, although it was not shown that the keratosis was cancerous or that it had any connection with his death.

*Rehearing denied. MacIntyre and Gardner, JJ., concur.*