### 44544. MARSH v. THE STATE.

PANNELL, Judge. 1. Where the indictment charged the defendant with the offense of larceny of "one (1) 1965 Chevrolet Automobile, Super Sport, color white, 1964 Georgia tag number 6-J-13902, serial number 166375 D 104284, of the value

of $4,200," and the proof showed that the automobile stolen had a 1965 Georgia tag number 6-J-13902, there was a fatal variance between the allegata et probata. See *Smith v. State,* 185 Ga. 365 (195 SE 144) and cases cited therein. And the fact that the owner who identified the car stolen as bearing a 1965 automobile tag, identified the car found in the possession of the defendant as the automobile which he had lost did not serve to identify it as the automobile described in the indictment. *Moore v. State,* 13 Ga. App. 15 (78 SE 772). No witness identified the automobile in general terms as being the one described in the indictment. See in this connection *Sloan v. State,* 68 Ga. App. 92 (22 SE2d 333). The evidence, therefore, did not authorize the conviction.

2. Where a witness testified that the defendant owned the dwelling where the automobile was first located and this was objected to as a conclusion of the witness and the objection was overruled, the right to complain of such ruling was waived where, subsequently thereto, similar evidence was admitted without objection as to this particular dwelling. *Hentz & Co. v. Booz,* 8 Ga. App. 577 (70 SE 108).

3. The trial judge instructed the jury as to the defense of alibi and the defendant excepted to the charge on the ground that he had made no defense of alibi, and the court then instructed the jury: "Gentlemen of the jury, I charged you the law of alibi in my general charge a moment ago. I did it because I understood from Mr. Pierce [defendant's attorney] that he was contending that at the time the car was stolen, the defendant was here at the court in a civil suit. He has called that to my attention and of course if he doesn't contend that he set up the defense of alibi I don't want to submit it to you so I withdraw that portion of my charge where I charged you the law of alibi and direct you to disregard that." This latter instruction to the jury is not harmful error because it placed the responsibility for giving the original charge on alibi upon the counsel for the defense.

4. Accordingly, the trial court did not err in overruling the motion for new trial on the special grounds, but did err in overruling the motion for new trial on the general grounds set forth in Division 1 of this opinion.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*

SUBMITTED JUNE 2, 1969—DECIDED JULY 3, 1969.

*Franklin H. Pierce,* for appellant.