54982. FURMAN v. THE STATE.

McMURRAY, Judge.

By accusation the defendant was charged with three counts of misdemeanor: eluding a police officer, obstruction of a police officer and operating a motor vehicle after her driver's license had been revoked. She was sentenced to serve a term of six months. Motion for new trial was filed and denied. Defendant appeals. *Held:*

At the completion of the trial a motion for directed verdict of acquittal as to Count 3 (operating a motor vehicle after her driver's license had been revoked) was made and denied based upon defendant's contention that the evidence presented by the state was insufficient under the law to convict. The sole complaint here is that the trial court erred in denying the motion for directed verdict of acquittal. When the defendant was arrested she was driving without a driver's license. It is admitted by brief that she had been convicted in the State Court of Clayton County on October 16, 1975, of a traffic violation. The record of conviction had been sent to the Georgia Department of Public Safety and on March 22, 1976, an official notice of suspension was issued to the defendant. Counsel contends that the official notification of suspension for a period of one year from 10-16-75 was insufficient evidence to convict her of a violation of Georgia Code Ann. § 68B-402 which makes it a misdemeanor for any person to drive a motor vehicle on the public highway at a time when his privilege to do so is suspended or revoked. There was evidence that on the 31st of May, 1976, when she was arrested, that she was driving without a license. A certified copy of license suspension was in evidence showing defendant's license was suspended from "10-16-75" for a period of one year following a conviction in the State Court of Clayton County on 10-16-75. This evidence was sufficient to convict the defendant of the charge of driving while her license was in revocation, albeit same was suspended for a term of

one year. Defendant does not contend there is a fatal variance between the accusation and the evidence, but her argument is relatively the same in that the charge should have been suspension rather than revocation. However, it is noted that there was no demurrer to the accusation here and one is equally guilty of a misdemeanor whether one is driving with license in suspension or revocation. Under the authority of *DePalma v. State,* 225 Ga. 465 (3), 469 (169 SE2d 801), the variance here is not so material as to be fatal. See also *Smith v. State,* 142 Ga. App. 1, 2 (1) (234 SE2d 816).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED JANUARY 10, 1978 — DECIDED FEBRUARY 15, 1978.

*Daniel F. Byrne,* for appellant.
*Herbert A. Rivers, Solicitor, J. Stephen Schuster, Assistant Solicitor,* for appellee.