**Deborah S. TAYLOR, Plaintiff-Appellant,**

v.

**TIME INSURANCE COMPANY,
Defendant-Appellee.**

No. 78–2088
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Walter V. Beasley, Charles T. Bass, Decatur, Ga., for plaintiff-appellant.

Ben Kingree, Ronald T. Gold, Carter, Ansley, Smith & McLendon, Atlanta, Ga., for defendant-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

On this Georgia diversity summary judgment against the beneficiary of a life insurance policy, the uncontradicted evidence showed that decedent in his application answered "no" to the question of whether he had "consulted or been treated by a physician or practitioner in the past five years." In fact, he had consulted and been treated by a psychiatrist numerous times within three years.

The district court held this to be a material misrepresentation as a matter of law under Ga.Code Ann. § 56–2409 (1977), and granted summary judgment for the insurer. This holding is in accord with Georgia law. *New York Life Insurance Co. v. Hollis,* 177 Ga. 805, 171 S.E. 288 (1933); *Jefferson*

*Standard Life Insurance Co. v. Bridges,* —— Ga.App. ——, —— S.E.2d —— (1978) [case No. 55633]; *National Life & Accident Insurance Co. v. Rouse,* 145 Ga.App. 40, 243 S.E.2d 300 (1978); *Prudential Insurance Co. of America v. Perry,* 121 Ga.App. 618, 174 S.E.2d 570 (1970); *National Life & Accident Insurance Co. v. Preston,* 68 Ga.App. 614, 23 S.E.2d 526 (1942).

AFFIRMED.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.