OETJEN, executor, *et al. v.* DIEMMER *et al.*

1. An item in a will, which makes certain disposition of property "if my wife and myself should perish at sea in going to or returning from Germany," the will in a subsequent item making other disposition of the property should the wife survive the testator, is contingent upon the happening of the event described.

2. An item of a will, to the effect that, "should my wife survive me, I devise and bequeath to her, during her natural life, [described property], and at her death, it is my will that said [property] shall vest in my nephew," is contingent in whole upon the survival of the wife. The life-estate and the remainder both fail where the wife does not survive the testator.

Submitted May 1, — Decided July 22, 1902.

Petition for direction. Before Judge Brinson. Richmond superior court. January 17, 1902.

*J. R. Lamar* and *E. B. Baxter*, for plaintiffs in error, cited 18 Am. & Eng. Enc. L. (2d ed.) 752, 757; 2 Q. B. 22; 1 Ves. Jr. 32; 4 Kay & J. 719; Cro. Jac. 416 (bot.); 4 Eng. & Ir. App. 35; 2 El. & Bl. 976, 987; L. R. 13 Ch. Div. 860; 3 Atk. 779; 5 DeG., M. & G. 122; 2 Jarm. Wills (5th Am. ed.), 831; 1 T. R. 346; 108 *Ga.* 233; Civil Code, § 3330.

*Irvin Alexander* and *William H. Barrett*, contra, cited 9 Atl. 660; 8 Allen, 192; 2 Har. & J. 346; 49 Mo. 171; Mry. Prob. (Cal.) 157; 1 Und. Wills, 12, 14; 29 Am. & Eng. Enc. L. (1st ed.) 130 – 32; 3 Phillim. 209; Wms. Ex. 154; 123 U. S. 702 (31 L. ed. 295); Civil Code, §§ 3325, 5202; 3 *Ga.* 557; 28 *Ga.* 262; 31 *Ga.* 198; 32 *Ga.* 156; 43 *Ga.* 160; 72 *Ga.* 625; 87 *Ga.* 237.

SIMMONS, C. J. The executor of C. H. Oetjen filed an equitable petition in the superior court of Richmond county, asking the court to construe the will of his testator and to give direction as to the duties of the executor. Thereafter there was a contest over the probate of the will in solemn form, and the caveat was by consent

appealed to the superior court. The two cases were there tried together on the pleadings and certain agreed facts. It was admitted that the will was originally executed in due and legal form, but the caveators contended that the will had been revoked by the testator's writing thereon the words: "This my will and testament is of no avail and null and void. Sept. 5, 1899. C. H. Oetjen." The court held to the contrary, and the caveators excepted, the question thus raised being dealt with in the case of *Oetjen et al.* v. *Oetjen, executor,* this day decided. The court then proceeded to construe the will and to give direction to the executor. This branch of the litigation was brought to this court by the present bill of exceptions. The will, in so far as at present material, was as follows: "(5) If my wife and myself should perish at sea in going to or returning from Germany, I give, devise, and bequeath to my nephew, William Henry Oetjen (son of my brother Joseph), and his heirs, forever, my house and lot [describing it] in the city of Augusta, Georgia. (6) In the same event, it is my will and I. direct that one half of the net proceeds of all the rest and residue of my property and estate be divided among my mother, my brother Joseph, [and others]. It is further my will and I direct that the other half of the net proceeds of said residuum be equally divided among [certain relatives of the testator's wife]. (7) Should my wife survive me, I devise and bequeath to her, during her natural life, the house and lot mentioned in the preceding 5th item of this my will, and at her death it is my will that said house and lot shall vest in my nephew William Henry Oetjen, if living, and if not, in his children, and if he leaves none, or none are living at that time, then in his brothers and sisters, or his lineal heirs. In the same event, I devise and bequeath to my said wife, during her natural life, all the rest and residue of my property and estate, or the net proceeds thereof, to be divided and distributed at her death as directed in the preceding 6th item ·of this my will, provided that should she remarry, and have issue, the whole of said residue shall vest absolutely in my said wife and her heirs forever." This will was executed in 1878. Neither the testator nor his wife perished at sea. The wife died on or about January 21, 1899, while the testator lived until January 27, 1900. The court below held that "the 5th and 6th items of the will are not of force, they depending upon the condition that the testator and his wife perish at sea," and that

the seventh item "is not of force, it appearing that the testator's wife did not survive him." To this decision Wm. H. Oetjen and the executor excepted.

1. We agree with the trial court that the fifth and sixth items of the will were conditional upon the happening of the event therein described. The testator did not, by his reference to the possibility of death at sea, "merely intend to particularize the circumstances and inducements which surrounded him and which prompted" the execution of the will. 1 Underhill, Wills, § 8. On the contrary, this contingency applied to but two items of the will, and the testator was very clear in expressing his intention that the validity of these items should depend upon the death of his wife and himself at sea. This intention was shown both by the language employed to express the contingency, and also by the fact that the will then proceeded to make a different disposition of the property in case the named event should not occur.

2. With regard to the seventh item of the will, the learned counsel for the plaintiffs in error contended that the devise was equivalent to a devise to the wife for life, with limitation over at her death (unless she should remarry and have issue); that the general rule is that, in the event of the death of a life-tenant before the testator, the life-estate only is extinguished and the remainderman is let in as soon as the will takes effect; that the words, "should my wife survive me," were only expressive of what must be true in every life-estate; and that the interposition of the words, "it is my will," between the life-estate and the remainder separated the two devises, that to the nephew springing from a new root and being an independent substantive gift. It is of course true generally, where there is a devise to one for life, with remainder to another, that the remainder is not extinguished by the death of the life-tenant before the death of the testator. In the present case, however, the question is as to whether the life-estate and the remainder are not both dependent upon the happening of a condition or contingency. The words, "should my wife survive me," clearly import a condition as to the life-estate, and the real question is as to whether the subsequent gifts to the nephew and other relatives are not made to depend upon the same condition. The mere interposition of the words, "it is my will," after the gift of the life-estate, will not serve to disconnect the subsequent gifts from the previously-expressed con-

tingency. If the subsequent gifts were substantive independent gifts, this might be true. 1 Jar. Wills (6th Am. ed.), 803. "It is not, however, to be assumed that whenever the word 'item' or 'likewise' begins a sentence, it creates a complete severance of all that follows from the previously expressed contingency. It cannot be put higher than this, that such expressions make a prima facie case for the disconnection, which the context of the will may either maintain or rebut." Ibid. 804. In the present case the words, "it is my will," do not stand at the beginning of the sentence but in the middle of it. They occur in the midst of the words expressing the gift to those who are to take after the termination of the life-estate. Nor are the gifts to the wife and those to the others independent and disconnected. On the contrary, they form an uninterrupted series, the gifts to the wife for life being immediately and without interruption followed by the ulterior limitations. " If the ulterior limitations be immediately consecutive on the particular contingent estate in unbroken continuity, and no intention or purpose is expressed with reference to that estate in contradistinction to the others, the whole will be considered to hinge on the same contingency; and that, too, although the contingency relate personally to the object of the particular estate, and therefore appear not reasonably applied to the ulterior limitations. Thus, where an estate for life is made to depend on the contingency of the object of it being alive at the period when the preceding estates determine, limitations consecutive on that estate have been held to be contingent on the same event, for want of something in the will to authorize a distinction between them." Ibid. 802, and cases cited.

After a careful reading of many authorities, we believe that the weight of the best-considered cases is in accord with this view. Our decision is, however, not made merely because of the similarity of decisions in other cases. In no class of cases are seeming precedents of less value than in those involving the construction of wills. Each case must depend largely upon its own facts, the words used in the clause or item under consideration, and the context generally, the court seeking diligently the intention of the testator: In the present case the grammatical construction of the words used would import a contingency as to both the gifts to the wife and the ulterior gifts, and this construction seems, from the context and from the instrument as a whole, to be what the testa-

tor intended. The items of the will preceding the fifth sought to dispose of but little property, and even as to that must fail for reasons not necessary here to set out, and the only item which follows the seventh disposed of no property; so that a decision that the fifth, sixth, and seventh items are inoperative serves in effect to declare an intestacy save as to the nomination of an executor. While this is true, we can not say that the testator did not so desire. He made the disposing items of his will dependent upon certain contingencies. As the contingencies did not occur, these items are inoperative. As to what the testator desired in case of the failure of these contingencies the will is silent, and we are left to conjecture alone, unless the testator's silence be evidence that he desired the law to take its course as in case of an intestacy. After a careful study of the will as a whole, we are convinced that the decision below was correct, and that the disputed items were all dependent upon the contingencies expressed in them, and that all of these items failed because of the failure of the contingencies.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*