23207. LEE *v.* ALL STATES LIFE INSURANCE COMPANY.

MACINTYRE, J. This was a suit on a policy of life-insurance. The insurance company defended upon the ground of fraudulent misrepresentations in the application for insurance, upon which it was induced to act, to its injury. The application was not attached to the policy. The trial judge directed a verdict in favor of the defendant and the plaintiff excepted. *Held:*

1. Although the policy sued upon contained the provision that "this policy shall be incontestable after one year *from the date* of issue," and it seems to be universally held that the insurance company, in order to obtain relief from the policy, must act within such prescribed time of limitation (see note in 64 A. L. R. 956-9; *Massachusetts Benefit Life Association* v. *Robinson,* 104 *Ga.* 256 (30 S. E. 918, 42 L. R. A. 261); *Northwestern Ins. Co.* v. *Montgomery,* 116 *Ga.* 799, 43 S. E. 79), yet where suit on the policy was actually instituted and the answer of the insurance company was filed setting up fraud in its procurement, all within a year from the date of issuance of the policy, the running of the limitation prescribed in the policy was thereby arrested, and where the suit was dismissed and brought over more than a year from the date of the policy, the insurance company was not thereby prevented from filing such defense to the suit. See Powell *v.* Mutual Life Insurance Co., 313 Ill. 161 (144 N. E. 825); Ætna Life Ins. Co. *v.* Daniel, 328 Missouri, 876 (42 S. W. (2d) 584).

2. "While it is true that the representations made in an unattached application can not be treated 'as part of the policy or the contract (Civil Code of 1910, § 2471),' and are not to be taken as covenants or warranties, still, if such statements furnished the actual basis on which the policy was issued, and they were knowingly and wilfully false, with the intent by the applicant to defraud the insurer, the insurer may ordinarily set up these facts as a means for avoiding the policy, not under and by virtue of the terms of the contract, but because the insurance is thus shown to have been fraudulently procured." *Metropolitan Life Ins. Co.* v. *Bugg,* 48 *Ga. App.* 363 (172 S. E. 829); *Interstate Life & Accident Co.* v. *Bess,* 35 *Ga. App.* 723 (134 S. E. 804) and cit.; *Couch* v. *National Life & Accident Ins. Co.,* 34 *Ga. App.* 543 (130 S. E. 596); *Southern Life Insurance Co.* v. *Hill,* 8 *Ga. App.* 857 (70 S. E. 186).

3. Where an applicant for insurance makes a false statement, knowing it to be false, which is made with a view to procuring the insurance, such conduct amounts to actual fraud, although the insured may not really

have intended to prejudice the rights of the company. *Northwestern Life Ins. Co.* v. *Montgomery*, supra.

4. Where the application is not attached to the policy, but is the basis upon which the policy is issued, any material misrepresentations of facts by the insured, if fraudulently made to induce the acceptance of the risk, will void the policy. Failure to state a material fact will not void a policy unless such failure be fraudulent; "but the wilful concealment of such facts, which would enhance the risk, will void the policy." Civil Code (1910), §§ 2479, 2480, 2481.

5. "A material representation is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing the amount of the premium in the event of such acceptance." *Life Insurance Co. of Va.* v. *Pate*, 23 *Ga. App.* 232 (97 S. E. 874).

6. "While questions as to the truth and materiality of representations are generally issues of fact, for determination by the jury, yet where all the testimony relating to a question of fact excludes every reasonable inference but one, the issue becomes one of law, for determination by the court." *Wilkins* v. *National Life & Accident Ins. Co.*, 23 *Ga. App.* 191 (97 S. E. 879); *Southern Surety Co.* v. *Fortson*, 44 *Ga. App.* 329 (161 S. E. 679); *Franklin Fire Ins. Co.* v. *Shahan*, 46 *Ga. App.* 181 (167 S. E. 194); *Jefferson Standard Life Ins. Co.* v. *Henderson*, 37 *Ga. App.* 704 (141 S. E. 498).

7. Under the above rulings, where the insured in his application for insurance, dated June 24, 1931, which stated that the statements therein made by the applicant were to be considered as a basis for the company's action in accepting the application, represented that he had not in the previous five years been attended by any physician; that he had no family physician; that he had never been on a special diet or received any drug injections; that he had no illness in the previous five years, and that his weight was 158 pounds, and where the evidence discloses without dispute that the deceased was treated frequently in the five years immediately preceeding the application for severe pains from adhesions caused by an appendicitis operation in 1917, and was during that time given hyperdermics of morphine to relieve such pains, one of such treatments being in September, 1930; that in August, 1930, he was treated for a severe case of colitis, inflammation of the large bowel with stagnation or small seepage of food through the colon and descending bowel from the large, the sigmoid; that he was treated for pains in his stomach on August 22, 1930; September 1, 9, 27; October 17; December 14, 1930, and March 20, 1931, March 28; May 4, 12, 20, 23, June 3, 10, and 24th; that on June 17, 1931, a few days prior to the date of the application he was treated for a severe ulcerated pharyngitis, and again on the 20th and 23d, which condition was of a serious type and is sometimes indicative of some serious condition, such as tuberculosis, although it was not so diagnosed at that time; that he had a family physician since 1913; and that his weight two days after the application was 123½ pounds, and during the two years prior to June 24 never exceeded 134 pounds and that the insured died in February, 1932, of tuberculosis, the trial judge did not err in directing a verdict

in favor of the defendant. The motion for a new trial was without substantial merit.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED SEPTEMBER 26, 1934.

*T. J. Lewis,* for plaintiff.

*Harold Hirsch, Marion Smith, Welborn B. Cody,* for defendant.