29951.   NATIONAL LIFE & ACCIDENT INSURANCE
CO. *v.* ATHA.

DECIDED JULY 16, 1943.   REHEARING DENIED JULY 31, 1943.

*William F. Buchanan, Mary J. Payne,* for plaintiff in error.
*Douglas, Andrews & Cole, F. Lee Evans,* contra.

MacIntyre, J.   The insurance in the instant case is what is known as "industrial insurance" and is for small amounts only. In issuing this type of insurance the insurance companies rely *upon the truthfulness of the statements* made by the applicant for insurance in his written application.   Such contracts are entered into by the insurance companies in the "utmost good faith" and they have the right to expect that "every application for insurance shall be made in the utmost good faith."   Our courts have held that this is especially true where the insurer, because of the smallness of the amount of the policy, relies entirely on the statements of the insured in the application and his responses to the questions of its agent, *without requiring a medical examination*.   See *National Life & Accident Insurance Co.* v. *Strother,* 53 *Ga. App.* 241, 245 (185 S. E. 373) ; *Metropolitan Life Insurance Co.* v. *Bugg,* 48 *Ga. App.* 363 (172 S. E. 829).

The uncontradicted evidence showed that the insured was born in 1921, and that he knew that he was first treated in 1925; that he was given radium treatment seven times, the last of which was in June, 1927.   Then he had an operation in August, 1928, when he was almost strangled with "a large tumor of the palate half as big as one's fist."   He was again operated on on September 13, 1928; also on March 13, 1929, "some more tumor of the same variety was removed."   He went back to the hospital "for visits, merely observation," sixteen times, the last of which was on July 28, 1933.   He made no more visits to the hospital until October, 1935.   At that time he "seemed to be quite all right."   Then on July 22, 1940, the doctor at the clinic saw him again and testified that at that time "he was a strong able-bodied boy."   About six months thereafter, the policy in question was taken out [December 30, 1940].   After the policy was taken out, the doctor at the clinic saw the deceased on June 28, 1941, and operated again for ulceration of the left tonsil.   He was also operated on in July, 1941.   The doctor testified that this was "an entirely different tumor from the one years ago."   The doctor further testified: "We fear that [the last ulceration] was probably caused from the treatment that we had given him to remove the birthmark" on the palate.   The evidence further showed that the insured had to know that he had had his palate removed, which caused him to talk in a "peculiar manner," for he told his friend that "he had a growth

on his palate and he had it removed." Thus the insured knew, as above indicated, that he had been operated on three times, hospitalized, and had returned for the number of times as above stated for observations by the doctors at the hospital prior to his application for insurance.

In the instant case the application for insurance was not attached to the policy and was not a part thereof. Code, § 56-904. And "although the unattached application could not be admitted for the purpose of showing a breach of the contract, since it forms no part of the contract, still, where the defense is that the policy was fraudulently procured by reason of false and fraudulent representations material to the risk, the application is admissible, not as a part of the contract, and not for the purpose of showing that the policy was void under the contract, but to show that it was fraudulently procured." *Couch* v. *National Life & Accident Insurance Co.*, 34 *Ga. App.* 543 (130 S. E. 596). Where answers attacked as being untrue appear only in the application, actual fraud must be shown, and "where it is shown that a material statement made in such application [for insurance] was false, that its falsity was known to the insured at the time it was made, that it was made with a view to procuring the insurance, that the company had no notice of its falsity, and that the company acted upon it to its injury, the law will conclusively presume an intent to deceive, and a case of actual fraud will be made out, although the insured may not have really intended to prejudice the rights of the company." *Northwestern Life Insurance Co.* v. *Montgomery,* 116 *Ga.* 799 (2) (43 S. E. 79). Conceding that the defendant did not know that the disease or trouble with his palate was a disease known as cancer, and conceding that his answer that he had never suffered with a disease denominated cancer in so far as he knew, was truthful, yet, when he was asked the further question, "What illness, injury, or accident have you ever had? Give details," his answer was in effect that he had had no other illness except childhood illnesses. He had to know that he had had an illness prior to the issuance of the policy and that he had been treated therefor, although the illness might not have been named by the doctors, or he himself probably had not given it a name other than a disease of his palate. Thus we think the evidence demanded a finding that his answer to the question as to illness was untrue; that he knew

that it was untrue; and that the representations were material. The test of the materiality of the statement or representation "is not whether the matter represented shall have actually contributed to the contingency or event on which the policy is to become payable, but is whether it changed the nature and character of the risk and increased it as against the insurer under the particular policy, and by *increase in risk* is meant an increase that is at least substantial." *Preston* v. *National Life & Accident Insurance Co.,* 196 *Ga.* 217 (26 S. E. 2d, 439).

It is our opinion that under the provisions of the law as stated above, the evidence demanded a finding that the misrepresentations were such as to void the policy. See also *Vaughn* v. *National Life & Accident Insurance Co.,* 189 *Ga.* 121 (5 S. E. 2d, 238).

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*