31044. HAMBY *v.* AMERICAN INSURANCE COMPANY.

DECIDED MARCH 6, 1946.

*G. Seals Aiken,* for plaintiff.
*J. Lon Duckworth,* for defendant.

MacIntyre, J. The insurance in the instant case is known as "industrial insurance," and is for small amounts only. In issuing this type of insurance the insurance companies rely upon the *truthfulness of the statements* made by the applicant for insurance in his written application. Such contracts are entered into by the companies in the "utmost good faith," and they have the right to expect that "every application for insurance shall be made in the utmost good faith." Our courts have held that this is especially true where the insurer, because of the smallness of the amount of the policy, relies entirely on the statements of the insured in the application and his responses to the questions of its agent, *without requiring a medical examination. National Life &c. Ins. Co.* v. *Strother,* 53 *Ga. App.* 241 (supra) ; *Metropolitan Life Insurance Co.* v. *Bugg,* 48 *Ga. App.* 363 (172 S. E. 829).

The evidence showed : That the following question in the insured's application for insurance was answered falsely : "For what illness or disease have you suffered during the last five years ? State them all." She answered, "None." One doctor testified that he examined the insured and diagnosed her case as "diabetes severe," and referred her to another doctor. On April 3, 1944, the second doctor diagnosed the case as "diabetes mellitus," and prescribed treatment. The patient visited his office four times, the last time being May 10, 1944. Both doctors testified that they advised the patient of the nature of her disease. The application was dated July 13, 1944, was not attached to the policy, and was not made a part thereof. The policy was dated July 31, 1944. The death certificate stated that the insured died from diabetic coma on November 25, 1944. It is true that several people not doctors testified, as is contended by the plaintiff, that she was in excellent health at all times. Be that as it may, there is no law requiring an insurance company to insure every person in good health. "It is purely voluntary on the part of the insurance company as to whom it will insure, whether rich or poor, large or small, Christian or heathen, whether he or she is in good or bad health (if the company knows it). To illustrate : an applicant might be the finest specimen of physical manhood in all the State and in perfect health, yet if the company, justly or unjustly, thought he had a propensity for getting hurt in order to collect insurance, or if it thought he had, or was endeavoring to obtain, an abnormal amount of insur-

ance, which justly or unjustly aroused the suspicion that he was getting ready to commit suicide, or otherwise injure himself, in order that the beneficiary might collect the insurance money, the company could refuse the application; or the company could likewise refuse to enter into a contract for the reason that one or more companies had canceled his policies." *Mutual Benefit Health &c. Asso.* v. *Marsh,* 60 *Ga. App.* 431, 439 (14 S. E. 2d, 84). A misrepresentation in an application for life insurance (not attached to the policy) that the insured had suffered no illness or disease, when she had been attended by physicians for diabetes less than four months prior to the application and less than a year prior to her death from diabetic coma, and when she had been informed by the physicians that she was suffering from such disease, would be material, where the insurer, if correctly informed, would have had an opportunity to investigate and ascertain the seriousness of the ailment for which she had been treated less than four months prior to such statement in her application for the insurance. Whatever the insured might have thought as to the seriousness of the diabetes from which the physicians told her she was suffering, and from which she died about eight months after such diagnosis by the physician—nevertheless, the insurance company, when it asked the insured in the application, about four months after the diagnosis by the physician, if she had suffered from any illness or disease in the last five years, was entitled to be informed by the insured at least that the doctors had diagnosed her disease about four months prior thereto as diabetes, and thus to be given the opportunity, if it so desired, to investigate and determine the seriousness of the disease. "While questions as to the truth and materiality of representations are generally issues of fact, for determination by the jury, yet where all the testimony relating to a question of fact excludes every reasonable inference but one, the issue becomes one of law, for determination by the court." *Lee* v. *All States Life Insurance Co.,* 49 *Ga. App.* 718 (6) (176 S. E. 811), and cit.

Thus we think that the evidence demanded a finding that the insured's answer to the question was untrue, that she knew it to be untrue, that the misrepresentation was material, and that the illness substantially increased the risk. *National Life & Accident Ins. Co.* v. *Atha,* 69 *Ga. App.* 825, 829 (26 S. E. 2d, 675);

*Preston* v. *National· Life & Accident Ins. Co.,* 196 *Ga.* 217 (26 S. E. 2d, 439, 148 A. L. R. 897). In our opinion, under the law stated above, the evidence demanded a finding that the misrepresentation was such as to void the policy, and the trial judge did not err in directing a verdict for $18.20 in favor of the plaintiff, this being the amount that the defendant tendered to the plaintiff as a refund of all premiums paid on the policy in question. The judge did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*