## 31246.   METROPOLITAN LIFE INSURANCE COMPANY
### *v.* MILTON.

DECIDED JUNE 26, 1946.   REHEARING DENIED JULY 25, 1946.

162

*Smith, Partridge, Field & Doremus,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Harry S. Baxter,* contra.

SUTTON, P. J. (After stating the foregoing facts.) Under the provisions of the Code, §§ 56-820, 56-821, 56-908, the failure of an application for life insurance to disclose the fact that the applicant had been treated for an ailment within the period of time mentioned in the application, to be a defense to the insurance company in an action on the policy, must be such as to substantially enhance the risk as contemplated in that particular policy; however, it need not be shown that the misrepresented facts actually or probably contributed to maturing the benefits of the policy, in whole or in part, earlier than would have been the case if the representations had been true. *Preston* v. *National Life Ins. Co.,* 196 *Ga.* 217 (26 S. E. 2d, 439, 148 A. L. R. 897), and citations. The materiality of the representations made by the insured in his application for life insurance is ordinarily a question of fact for the jury to decide. *Massachusetts Benefit Life Association* v. *Robinson,* 104 *Ga.* 256 (8) (30 S. E. 918, 42 L. R. A. 261). And the burden of showing that the misrepresentations made in the application were untrue and material is upon the insurance company, where the action is defended upon the ground that the insured, in his application for insurance, made misrepresentations of facts material to the risk. *Mutual Benefit Health & Accident Association* v. *Bell,* 49 *Ga. App.* 640 (10) (176 S. E. 124). Also see *New York Life Ins. Co.* v. *Watson,* 48 *Ga. App.* 211 (172 S. E. 602).

While the evidence in the present case shows without dispute that the insured, in his application for insurance, made false or incorrect statements as to the consultation of physicians and treatment by one of them within the time mentioned in the application for insurance, it does not demand a finding that the ailment for which he consulted these physicians and for which treatment was prescribed was other than a mere temporary indisposition, which did not tend to undermine or weaken the constitution of the insured. While one of these physicians testified that the insured complained of "feeling cold, pains in the stomach, bloody stools, pain 25 or 30 minutes after each meal," for three or four days prior to his examination of him, the evidence did not demand a finding that this condition in the insured would have substantially increased the risk to the company had it been informed of the same. The insured was also examined by another physician, but

both of these physicians testified that they did not make any definite diagnosis as to what was the matter with the insured at that time, and one of them testified that the insured responded very well to the treatment prescribed. There was no evidence from these physicians as to the cause of the condition testified to by them. The wife of the insured testified that the insured called these pains "indigestion pains," and that they were only of a few days duration.

The cases of *Hamby* v. *American Ins. Co.,* 73 *Ga. App.* 531 (37 S. E. 2d, 217), and *Preston* v. *National Life & Accident Co.,* supra, cited and relied on by the plaintiff in error, are distinguishable on their facts from the present case, and the rulings therein made do not require or authorize a ruling in the present case different from the one made herein. In the *Hamby* case, the insured was suffering with diabetes, and in the *Preston* case the insured was suffering with keratosis, which the medical testimony showed was a precancerous condition. It is generally and well known that diabetes and cancer are dangerous diseases which each year cause the death of many people. Under the facts in those cases, it was properly held that the misrepresentations were material and, as a matter of law, substantially enhanced the risk assumed by the insurance companies in those cases; while, in the present case, the record is silent as to what, if any, disease or malady the insured had or was afflicted with at the time he consulted the physicians and underwent the treatment testified to by them. Nor does it appear what caused the death of the insured. While this is not necessarily essential in this kind of case, still it must appear that there were misrepresentations which substantially enhanced the risk assumed by the insurance company in this particular policy. The court in the *Preston* case, at page 235, said: "This court knows judicially and without proof that cancer is a dangerous disease, and thus may in like manner know that any condition that tends to become a cancer is more than a trivial ailment. In this case it appeared, without dispute, that the insured had suffered from a keratosis, for which he had been treated with radium, about three and a half years before the policy was issued. It was shown further that a keratosis is regarded generally in the medical profession as 'precancerous,' in that it may or may not develop into a cancer; also that even though it may on treatment disappear and

be apparently cured, its final development into a cancer, or the development of a cancer elsewhere from the same cause, may be reasonably apprehended; and the insured here had never been dismissed as 'entirely well.' These facts appearing conclusively and without dispute from the evidence, it must be held as a matter of law that the condition thus misrepresented was one that substantially increased the risk; and this is true regardless of whether it bore any relation, direct or collateral to the cancer from which the insured died." That case deals with and refers to a number of cases with reference to the question here involved, both from this court and the Supreme Court, and then states: "Something was said on the argument as to the desirability of a more certain and definite rule as to what will constitute a material misrepresentation in a case of this kind. The rule is contained in the Code, and, as we have seen, may be stated in four simple words, *substantial increase in risk*; but its application will of course depend upon the facts of each particular case, which will necessarily vary, and can not be anticipated further than has been done in such statute.

"An issue as to material representation, like questions as to negligence, proximate cause, and similar matters, should ordinarily be submitted to the jury; yet, just as is also true in reference to the other issues mentioned, where the evidence as a whole excludes every reasonable inference but one, the court may so rule as a matter of law."

Under all the evidence in this case, it was a question for the jury whether the matters which the insured failed to disclose in the answers in his application, or about which he may have made false or incorrect statements, whether they were concealments or misrepresentations, were material to the risk. *Metropolitan Life Ins. Co. v. Marshall*, 65 *Ga. App.* 696, 712 (16 S. E. 2d, 33). The jury resolved the issues in favor of the plaintiff, and its finding is supported by evidence, has the approval of the trial judge, and will not be disturbed by this court.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232), requiring that the full court consider any case in which one of the Judges of a division may dissent, and there being a dissent on motion for rehearing, this case was considered and decided by the court as a whole, on motion for rehearing, and after consideration of the motion the former opinion

and judgment entered in this case is concurred in by a majority of the six Judges of this court, the motion for rehearing is denied, and the judgment of the trial court is affirmed.

*Judgment affirmed. Sutton, P. J., MacIntyre, Gardner and Parker, JJ., concur. Broyles, C. J., and Felton, J., dissent.*

BROYLES, C. J., dissenting. In this case it is admitted that the insured made misrepresentations and false statements, as to his past health, in his application for the insurance policy; and that the application was attached to and made a part of the policy. Therefore the only question before this court is whether such false statements were *material* representations. Or, in other words, did such statements substantially increase the risk on the policy as against the insurer? And "a material representation is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing the amount of the premium in the event of such acceptance." *Empire Life Ins. Co. v. Jones*, 14 *Ga. App.* 647 (2) (82 S. E. 62); *Preston v. Nat. Life Ins. Co.*, 196 *Ga.* 217, 231 (26 S. E. 2d, 439, 148 A. L. R. 897).

It is true that the question as to whether a false representation made by the insured in his application for a policy of insurance was a *material* representation should ordinarily be submitted to the jury, yet, "where the evidence as a whole excludes every reasonable inference but one, the court may so rule as a matter of law." *Preston v. Nat. Life Ins. Co.*, supra, p. 237. See also, s. c., 68 *Ga. App.* 614 (23 S. E. 2d, 526).

In my opinion, the undisputed evidence demanded a finding that the admittedly false statements, made by the applicant in his application for the policy of insurance, were material representations, in that they substantially increased the risk on the policy against the insurer. Therefore the verdict for the plaintiff was contrary to law and the evidence.

FELTON, J., dissenting. Reaching a conclusion in this case has been to me a very difficult task, due to the doubt in my mind as to a correct interpretation of the decision of the Supreme Court in *Preston v. National Life & Accident Ins. Co.*, 196 *Ga.* 217 (26 S. E. 2d, 439, 148 A. L. R. 897). In spite of the fact that the court in that case seemingly disapproves certain rulings in various cases, including *Lee v. Metropolitan Life Ins. Co.*, 158 *Ga.* 517 (123 S.

E. 737), to the effect that whether a misrepresentation is material or not depends on whether knowledge or ignorance of the facts sought to be elicited would materially influence the action of the insurer, it expressly states that the illness concealed would not within itself have to be serious. It is difficult to understand how an illness could enhance a risk if the illness was not serious. It seems to me that the effect of the ruling in the *Preston* case is the same as that in the *Lee* case and the other similar ones mentioned in the *Preston* case. This court has already so interpreted the *Preston* case. *Hamby* v. *American Ins. Co., 73 Ga. App.* 531 (37 S. E. 2d, 217). The misrepresentation in this case was just as material as was that in *New York Life Ins. Co.* v. *Hollis, 177 Ga.* 805 (171 S. E. 288), as explained and approved in *Vaughn* v. *National Life & Accident Ins. Co., 189 Ga.* 121 (5 S. E. 2d, 238).