34053, 34066. NATIONAL LIFE & ACCIDENT INSURANCE COMPANY *v.* HULLENDER; and *vice versa.*

DECIDED JULY 3, 1952.

William F. Buchanan, Shaw & Shaw, for plaintiff in error.

G. W. Langford, contra.

FELTON, J. ■ Where the insured, in an application for insurance, attached to and made a part of the policy of insurance issued, untruthfully answered a question as to whether he had ever had any ailment or disease of heart or lungs, and the evidence showed that insured had a markedly enlarged heart as a result of rheumatic fever, wetness of the lungs, and swelling of both ankles, before the signing of the application, and that the affliction continued until the insured's death, and where a question as to what physicians insured ever consulted was answered "None," when the evidence showed that insured had been treated by a physician, from about a year before the date of the application until the time of his death, for rheumatic heart disease, from which he died in less than a year from the date of the application for insurance, the finding was demanded that the representations were untrue and materially increased the risk of the insurance company. National Life &c. Ins. Co. v. Gordon, 183 Ga. 577 (188 S. E. 894); Mutual Life Ins. Co. v. Bolton, 22 Ga. App. 566 (96 S. E. 442); Jefferson Standard Life Ins. Co. v. Henderson, 37 Ga. App. 704 (141 S. E. 498); Preston v. National Life &c. Ins. Co., 196 Ga. 217 (26 S. E. 2d, 439, 148 A. L. R. 897). The fact that a doctor testified that a man might have rheumatic heart disease and live to be seventy years of age does not make the issue one for a jury, especially in view of the testimony of the same witness that he never saw one who had a disease that was as marked as the insured's live to be seventy years of age. The question was not as to a theoretical case but the condition of the insured in this case. The fact that the insured died of the disease, with which he was afflicted, within less than a year from the application is conclusive in this case as to the substantial nature of the disease

and as to the increase in the insurer's risk. The case of *Metropolitan Life Ins. Co.* v. *Milton,* 74 *Ga. App.* 160 (38 S. E. 2d, 885), is distinguishable in that in that case there was no evidence from the doctors as to the cause of the condition of the insured at the time of the examinations and treatment. The case of *Stillson* v. *Prudential Ins. Co. of America,* 202 *Ga.* 79 (42 S. E. 2d, 121), is not applicable because, even if the agent was authorized to make declarations or admissions binding on the company after the sale of the insurance, it does not appear that the agent inserted answers in the application otherwise than as they were given by the insured, even if the answers to the questions were not in the application when the insured signed it.

■ What has been said in division 1 applies also to the effect of notice of the agent with respect to the condition of the insured, in view of the provisions as to the limitation of the agent in both the application and the policy, and to the provision in the application and the policy that the contract of insurance would not become effective until the policy had been delivered to and accepted by the insured while in good health, since the evidence demanded the finding that the insured was not in good health when the policy was delivered, and the agent was without authority to waive the provision by having knowledge of his condition. The case of *Rhodes* v. *Mutual Benefit Health &c. Assn.,* 56 *Ga. App.* 728 (194 S. E. 33), is not authority to the contrary because in that case there was no limitation on the agent's authority in the application. The court in that case itself distinguished between the effect of limitations in the policy alone and limitations in both the application and the policy.

■ By a cross-bill of exceptions the beneficiary under the policy excepted to the court's refusal to permit the beneficiary to testify that she was present when the policy sued on was delivered by the agent of the insurer; and that in delivering the policy to the insured, her husband, the agent stated that what the company didn't know didn't hurt, and that a man with the heart condition the insured had might live to be a hundred years old; and that' the agent came to the plaintiff's counsel's office and stated in her presence that the answers with reference to the heart condition were not on the application when the insured signed it, and that the agent stated that he knew within three months after the

insurance policy was delivered that the insured had a heart condition, and that he reported this fact to the insurance company, and that subsequently he continued to collect premiums on the policy for four or five months. While we do not agree with the reason assigned by the judge for not admitting this testimony, namely, that it was not in rebuttal to evidence by the company that it did not know of the insured's condition, we think that the court's ruling was correct. It was correct as to the agent's knowledge of the insured's heart condition because it was not indicated what heart condition the agent knew about, and because notice to the agent would not be notice to the company under the facts of this case because the *application* and the policy provided that only the president or secretary of the company, in writing, had the power to waive, alter, or modify the instruments. Where the application contains such a provision, the limitation on the agent's authority dates from the date of the application and not the policy. *Reliance Life Ins. Co.* v. *Hightower,* 148 *Ga.* 843 (98 S. E. 469) ; *New York Life Ins. Co.* v. *Patten,* 151 *Ga.* 185 (106 S. E. 183) ; *Davis* v. *Metropolitan Life Ins. Co.,* 161 *Ga.* 568 (131 S. E. 490). It follows that notice to the agent of the insured's true condition was not imputable to the company. The delcaration of the agent that he knew the insured had a heart condition and notified the company was not admissible because it was not shown what the heart condition was of which he gave notice, and because the admission covered a transaction which did not constitute a part of the res gestae of the negotiation of the sale of insurance to the insured. Code, §§ 4-315, 38-406. It was not shown otherwise that the agent had authority to bind the company by extrajudicial statements after the sale of the insurance policy had been completed.

The court did not err in refusing to admit the proffered testimony set forth in the cross-bill.

The court erred in denying the motion for a new trial.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill of exceptions. Sutton, C.J., concurs. Worrill, J., concurs in the judgment.*