## 45702. HILL v. COCHRAN et al.
(371 SE2d 94)

MARSHALL, Chief Justice.

Mr. Hill's 1974 will named his wife as sole beneficiary. In 1975, he executed another will, which recited: "I make this will in contemplation of a divorce from my wife . . . ; and therefore, exclude her from receiving any of my estate whatsoever, we now living in a bona fide state of separation." The will then devised and bequeathed all of the testator's property to his two daughters. Shortly thereafter, the testator dismissed a pending divorce action against his wife, and the parties resumed cohabitation and were living together at the time of his death in 1986. The beneficiaries of both wills filed the wills for probate in solemn form. The probate court granted the widow's petition. On de novo appeal, the superior court granted the daughters' petition based on a jury verdict. The widow appeals. We affirm.

1. Mrs. Hill contends that the 1975 will was, as a matter of law, an unambiguous contingent or conditional will, which never became effective because of the failure of the contingency or condition (the divorce).

The appellant's very proposition that the will was contingent created an ambiguity and a factual issue to be resolved by the jury. Redfearn, Wills, Ga., § 136, p. 306 (4th ed.). This issue was submitted to the jury pursuant to OCGA § 9-11-49, and resolved against Mrs. Hill's contention. "A testator may by his will provide that its validity is to

be determined by the happening of some particular event, but the words *must clearly show that it was intended to be contingent or it will not be upheld as a contingent will.*" (Emphasis supplied.) Redfearn, Wills, Ga., § 148, p. 357 (4th ed.). The words employed in the 1975 will were not those of contingency, but of clear intent to thereby revoke the previous will. Mrs. Hill urges that parol evidence of the parties' reconciliation and re-cohabitation subsequent to the execution of the 1975 will, shows the testator's intent that the will be contingent or conditional. However, under OCGA § 53-2-94, parol evidence is admissible as to the testator's intent at the time of *execution,* not subsequently.

Mrs. Hill contends that the evidence did not overcome the presumption of law of revocation arising by the fact that the will could not be found after the death of the testator. OCGA § 53-3-6. The question of whether the propounders carried the burden of overcoming the presumption that the original will was revoked, was for the jury, and in reviewing the jury verdict, the evidence must be accepted which is most favorable to the party in whose favor the verdict was rendered. *Williams v. Swint,* 239 Ga. 66 (1) (235 SE2d 489) (1977) and cits. Mrs. Hill's sole evidence of the revocation of the 1975 will was her own unsupported testimony. On the other hand, there was evidence that the testator had confirmed to others that his will left his estate to his daughters; that he had not destroyed the original will because he was unable to obtain it; that the original will was missing from the footlocker where the testator kept his important papers, several days after his death; that his directing his wife to destroy only a copy of it was an attempt to avoid a marital conflict which could be presumed under the circumstances; and that, as he had used the services of attorneys on several occasions, there was nothing to have prohibited him from reformulating a subsequent will at some point after the "reconciliation" had he so desired. There was evidence to support the verdict for the propounders-daughters.

2. Mrs. Hill next contends that the trial court erred in permitting the appellees to amend the pre-trial order after the jury had been selected so as to add the name of witness Louie Moon, and in refusing to grant a new trial when it was allegedly discovered after the verdict that this conduct by counsel was calculated to obtain an unfair advantage. She argues that, not only did his testimony (which was not purely rebuttal or cumulative of other testimony) support the appellees' position, but also the witness was the brother of the county superintendent of schools, who employed the jury foreman as a school principal, so that the foreman could not vote for the appellant without jeopardizing his job and career.

Although the appellant mildly objected initially, the trial court reserved its ruling until appellant's counsel had the opportunity to

interview the witness and renew his objection, which he did not do. Nor did he object when the witness was called to testify. There is no abuse of discretion in allowing the amendment of a pre-trial order at trial unless there is surprise or unfairness. *Cooper v. Rosser*, 232 Ga. 597 (2) (207 SE2d 513) (1974). Moreover, there was no evidence that either the jury foreman or any of the other jurors was influenced by the witness' testifying.

3. Mrs. Hill next contends that the trial court erred in submitting special interrogatory No. 3, and in failing to submit a "proper" inter-rogatory. Her argument is that, under OCGA § 9-11-49, the jury can be required to return only a special written finding upon each issue of fact; whereas here, the interrogatory was so generally worded that the jury may have assumed that, since they had found the 1975 will not to be a contingent will, the 1974 will was rescinded, of which there was no evidence.

However, the totality of the verdict indicates the truth as the jury found it, regardless of why the 1974 will was revoked. The 1975 will expressly and impliedly revoked the 1974 will. The appellees informed the court at the beginning of the trial that they were not seeking to prove that the 1974 will was the product of undue influence. Moreover, Mrs. Hill waived the imprecise verdict, if it was such, by her failure to object at the time of its rendition. E.g., *Todhunter v. Price*, 248 Ga. 411 (1) (283 SE2d 864) (1981).

4. It was not error to deny a motion for mistrial based on the appellees' introduction of evidence that a settlement had been reached, where the objection was waived by the appellant's failure to renew her motion for mistrial and/or objection after the trial court gave curative instructions.

5. Finally, Mrs. Hill enumerates error on the following charge:

I charge you merely reciting an impending peril as the occasion or inducement for making a will does not make the instrument conditional. The testator must intend it to be inoperative if he survives the incident which induced the making of the will. This intention must be expressed in the will.

She contends that this charge excluded the theory of a contingent will's arising from implication (e.g., *Capps v. Richardson*, 215 S.C. 34 (53 SE2d 876) (1949)) and the jury's consideration of the surrounding circumstances of the testator at the time of executing the will.

This charge is based on *Eaton v. Brown*, 193 U. S. 411 (24 SC 487, 48 LE 730) (1904); Redfearn, supra, p. 478. The charge as a whole informed the jury as to contingency by implication and circumstances, but they rejected this conclusion based on the evidence before them.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 14, 1988 —
RECONSIDERATION DENIED SEPTEMBER 7, 1988.

*Heard, Leverett & Phelps, E. Freeman Leverett,* for appellant.
*Robert I. Donovan, Andrew J. Hill, Jr.,* for appellees.