S90A0705. WOODS v. WOODS.
(397 SE2d 291)

FLETCHER, Justice.

The present case presents questions concerning the law of conditional or contingent wills.

Appellant Martha L. Woods and Henry A. Woods, who is now deceased, were married on February 21, 1987. Both of them had previously been married, and their respective spouses had died. They had each accumulated separate estates. The appellant has two children, and the decedent had no children.

Prior to departing on an automobile trip to Wichita, Kansas, they executed an instrument entitled "AGREEMENT," dated March 27, 1987. The introductory paragraph of this agreement provided:

Time being of the essence and *in lieu of executing our last wills and testaments,* in the event we should both die as the result of a common disaster, we desire that any property, real

or personal, owned by us prior to our marriage, should be distributed to our respective heirs. (Emphasis supplied.)

This agreement then provided that all real and personal property owned by the decedent was to be distributed to five named relatives including the decedent's brother, William G. Woods, who is the appellee herein. All real and personal property owned by the appellant was to be distributed to her son and daughter. The agreement further provided:

> IT IS FURTHER AGREED that in the event of an accident or disaster which would result in the death of one of us, the surviving party is to retain ownership in the other's real and personal property until the time of his or her death, at which time distribution of the remaining joint property is to be distributed to the above-named heirs share and share alike.
>
> IT IS FURTHER AGREED that a will or wills carrying out the above instructions shall be made as soon as conveniently can be done after we return from a trip to Wichita, Kansas.

Although the agreement was witnessed by three individuals, neither the appellant nor the decedent stated to them that they were executing wills. The parties to the agreement returned from their trip to Kansas on or about April 5, 1987, and they did not subsequently execute a will or wills. They lived normal active lives until December of 1987 when it was discovered that the decedent had cancer which ultimately resulted in his death on June 11, 1988. The parties stipulated that his death was a result of disease.

The appellee filed a petition to probate the agreement as the decedent's last will and testament. The appellant, who is the decedent's sole heir at law, filed a caveat. The probate court denied the caveat, admitted the agreement to probate as a will, and appointed the appellee as administrator with the will annexed. On appeal, the superior court denied appellant's motion for summary judgment and sua sponte granted summary judgment in favor of appellee. *Held:*

Under the law relating to the construction of wills, all conditions and contingencies expressed in a will are not conditions precedent to the will's enforceability. It has been said:

> "Whether a will is to be regarded as contingent turns upon the point whether the contingency is referred to merely as the occasion of or reason for making the will at the time it is made, or is referred to as the reason for making the particular disposition of property which is provided for, and is in-

tended to specify the condition upon which the will is to become operative."

Redfearn on Wills, § 148, p. 311 (5th ed.), citing *Oetjen v. Diemmer*, 115 Ga. 1005 (42 SE 388) (1902), and *Jossey v. Brown*, 119 Ga. 758 (47 SE 350) (1904). See also *Hill v. Cochran*, 258 Ga. 473 (371 SE2d 94) (1988).

While the case law in Georgia is sparse, the application of this rule in other jurisdictions has led to divergent results on the basis of minute variations in the language employed in the instrument sought to be probated as a will. See *Bagnall v. Bagnall*, 225 SW2d 401 (Tex. 1950) and cits. Consequently, each case turns on its own peculiar facts.

As we read the "AGREEMENT," the parties intended this instrument to effect a testamentary disposition of their property *only* if one or both of them died as a result of an accident or common disaster during their trip to Kansas. The instrument makes no disposition of property if neither of these conditions precedent occur. In the event they both died as a result thereof, the agreement provided that their respective property would be distributed to their respective beneficiaries. If only one of them died, the agreement provided that the surviving spouse was to retain ownership in the other's real and personal property until the time of his or her death "at which time distribution of the remaining joint property is to be distributed to the above-named heirs share and share alike."[1]

We conclude that as a result of the non-occurrence of the conditions precedent, i.e., the death of one of them or both of them by accident or disaster during their trip to Kansas, the agreement never became operative as a will. Accord *Meszaros v. Holsberry*, 84 S2d 565 (Fla. 1956).

Consequently, we reverse the trial court's denial of appellant's motion for summary judgment and its grant of summary judgment to appellee.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 31, 1990 —
RECONSIDERATION DENIED NOVEMBER 21, 1990.

*Brinson, Askew & Berry, C. King Askew, Robert Edward Surles,* for appellant.
*Cook & Palmour, Bobby Lee Cook, W. Benjamin Ballenger,* for

---

[1] Since we concluded that the agreement never became operative as a will, we do not attempt to construe the somewhat ambiguous language in this later provision and the uncertain effect thereof.