## S96A0408. BROWN et al. v. CRONIC et al.
(470 SE2d 682)

HINES, Justice.

This is a will dispute in which the primary issue is whether or not a testamentary instrument was upon condition. We conclude that it was not.

Perry Randall Wheeler and Geraldine Phillips planned to be married at Christmas 1990. In August 1990, Wheeler and Phillips each executed what purported to be a last will and testament in which they left a significant portion of their respective estates to each other. Item Two of the will executed by Wheeler contained a devise and bequest of real and personal property "to Wife to Be, Geraldine Virginia Harrison, Brown, Phillips." Item Three of Wheeler's will appointed as executor "my Stepson, Joe Alvin Brown," who is Phillips'

son. Phillips died in an automobile collision on December 23, 1990, without ever having married Wheeler. Following Phillips' death, Wheeler instructed Joe Alvin Brown to "leave everything just like it is." Wheeler died on January 10, 1995.

Brown petitioned to probate Wheeler's 1990 will. Wheeler's daughter, Brenda Cronic filed a caveat to the probate of the 1990 will, and Wheeler's grandson petitioned to probate a will executed by Wheeler in 1985. The 1985 will devised and bequeathed Wheeler's property to Cronic and another daughter, Nancy L. Wheeler Davis, who was also named as executrix. Brown filed a caveat to the probate of this earlier will. The probate court denied probate of Wheeler's 1985 will after determining that it had been revoked by the 1990 instrument. It also denied probate of Wheeler's 1990 will because it determined that the will's validity depended on construction of the document, which was outside the probate court's jurisdiction.

Cronic and Davis appealed the denials of probate and petitioned the superior court, pursuant to OCGA § 23-2-92, to construe their father's 1990 will to determine that it was a will upon condition, the failed condition of marriage to Phillips. They also petitioned the court to construe Phillips' 1990 will to require a distribution of assets to them. The superior court "granted the probate"[1] of Wheeler's 1990 will with the stipulations that all issues concerning the construction and effectiveness of the wills and the existence of any agreement between Phillips and Wheeler concerning the testamentary disposition of their assets be reserved to the court. Following a bench trial, the superior court found that if Wheeler's 1990 will was given effect, it would substantially disinherit Wheeler's natural heirs; that Wheeler's 1990 will was invalid because it was conditioned upon the marriage to Phillips; that if Wheeler's conditional 1990 will was the only impediment to probate of his 1985 will, then the earlier will was entitled to acceptance for probate; that the wills of Wheeler and Phillips were neither mutual nor reciprocal; and that Phillips' will granted Wheeler only a life estate in the devised property. Brown and his two brothers appeal.[2]

1. Whether or not a will is conditional or contingent depends on whether the condition or contingency is stated merely as the reason for making the will or the particular disposition of property at that time or whether it is intended to specify an occurrence which will render the will operative. If the testator intends to bind the validity

---

[1] It is unclear from the record the exact meaning of this portion of the court's ruling.

[2] Phillips' three sons are named beneficiaries under her will and were named as individual defendants in Cronic's and Davis' petition for construction of Wheeler's 1990 will. Brown was also the named defendant, in his capacity as executor of his mother's estate, in the petition for construction of Phillips' will.

of his will to the happening of a specified event, then he must do so by language clearly showing the intent that the will be conditional or contingent. *Woods v. Woods*, 260 Ga. 552, 553 (397 SE2d 291) (1990) and *Hill v. Cochran*, 258 Ga. 473 (1) (371 SE2d 94) (1988), citing Redfearn on Wills, § 148 (4th ed. & 5th ed.); see also *Jossey v. Brown*, 119 Ga. 758 (47 SE 350) (1904) and *Oetjen v. Diemmer*, 115 Ga. 1005 (42 SE 388) (1902). That is not the case here. The provisions of the will in question are devoid of any language such as "if," "on condition that," or "in the event of" which might suggest that the testamentary disposition was contingent. See 96 CJS 461, Wills, § 975. Moreover, other items in the will name Phillips without any reference to her as Wheeler's "wife to be." Nor did Wheeler provide for any alternate disposition of the property in case the marriage did not occur. Compare *Oetjen*, supra. Even assuming that Wheeler's references to Phillips in Item Two as his "wife to be" and to Brown in Item Three as his "stepson" rendered the will ambiguous so as to authorize consideration of extrinsic evidence, the parol evidence is that Wheeler did not wish any change in the disposition of his property after his fiancée's death.

The language in question, rather than expressing the intent that the disposition be contingent, evidenced that Wheeler's will was made in contemplation of his marriage to Phillips, which was critical to the will's surviving the impending marriage. See OCGA § 53-2-76. Irrespective of the fact that such a construction would largely disinherit Wheeler's heirs at law, it was clearly Wheeler's intent to do so, and consequently, it was the duty of the superior court to so construe it. See *Davant v. Shaw*, 206 Ga. 843, 846 (59 SE2d 500) (1950). The superior court's determination that Wheeler's 1990 will failed because it was conditional on marriage to Phillips cannot stand.

2. The contention that the superior court erred in construing Phillips' will, both as to substance and because Cronic and Davis lacked standing to petition for its construction, is unavailing. Even though various provisions of Phillips' will are discussed in brief, appellants fail to include in the record on appeal any copy of Phillips' will. Therefore, it is not possible to assess a challenge to the correctness of the court's interpretation of the disposition of property under the will. Nor can a determination of standing be made. OCGA § 23-2-91 (2) provides limited exception for a party other than the legal representative of an estate to apply to a court of equity to intervene in the estate's administration. In a situation of difficulty in will construction, a person interested in the estate may ask the court for direction when there is the danger of loss or injury to the person's interests. See *Barfield v. Aiken*, 209 Ga. 483 (74 SE2d 100) (1953). Without consideration of Phillips' will, there can be no finding regarding Wheeler's daughters' direct or indirect interests or any poten-

tial for loss.

3. The contention that the superior court erred in granting the probate of Wheeler's will upon the specified stipulations fails. The record discloses that appellants agreed to the court's procedure. A party cannot complain of a ruling that his own conduct procured or aided in causing. *Peters v. Davis*, 214 Ga. App. 885, 888 (2) (449 SE2d 624) (1994); *West v. Nodvin*, 196 Ga. App. 825, 829 (3) (e) (397 SE2d 567) (1990).

*Judgment affirmed in part and reversed in part. All the Justices concur, except Fletcher, P. J., who concurs in the judgment only, and Carley, J., who concurs in Divisions 1 and 2 and in the judgment.*

DECIDED JUNE 3, 1996 —
RECONSIDERATION DENIED JUNE 14, 1996.

*Harrison & Harrison, G. Hughel Harrison,* for appellants.
*Bross & Saginar, Edwin M. Saginar,* for appellees.