A08A1642. FORREST CAMBRIDGE APARTMENTS, LLC
v. REDI-FLOORS, INC.

(673 SE2d 318)

BARNES, Judge.
Redi-Floors, Inc. sued Forrest Cambridge Apartments, LLC d/b/a Post Landing Apartments, seeking payment on a commercial

account and attorney fees and costs under OCGA § 13-6-11. A jury awarded Redi-Floors $40,409.07 in principal, interest and fees, and Forrest Cambridge appeals. It contends the trial court erred in (1) instructing the jury that silence may amount to an admission; (2) denying its motion for mistrial; (3) admitting certain documents under the business records exception to the hearsay rule; and (4) denying its motion for a directed verdict. For the reasons that follow, we affirm.

1. Forrest Cambridge contends that the trial court erred in charging the jury that "acquiescence or silence, when the circumstances require an answer, a denial or other conduct, may amount to an admission," which is the exact language of OCGA § 24-3-36. The charge is also supported by OCGA § 24-4-23, which provides:

> In the ordinary course of business, when good faith requires an answer, it is the duty of the party receiving a letter from another to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the letter of his correspondent and to adopt them.

At trial, Redi-Floors admitted 53 invoices and supporting documents into evidence under the business records exception to the hearsay exclusion rule. Forrest Cambridge argued that the charge should not have been given because the only "silence" was its agent's failure to respond to Redi-Floor's invoices, and that silence was inadmissible against the principal, as set forth in OCGA § 10-6-64, which provides, in part: "The declarations of the agent as to the business transacted by him shall not be admissible against his principal unless they were a part of the negotiation constituting the res gestae, or else the agent is dead."

Forrest Cambridge argues that OCGA § 10-6-64, declaring inadmissible the agent's statement of interest against the principal, "prevails" over the evidentiary code, and thus the trial court erred in its charge. But failure to respond to an invoice is not a "declaration" against the principal's interest. In an action on open account,

> [w]hen the buyer fails to object timely to the invoice or demand letter for payment prior to suit on an open account, the rebuttable presumption arises that there is agreement as to the amount stated in the invoice as correct, because this constitutes an admission by silence when there exists a duty to answer. OCGA §[§] 24-3-36 (admission by silence); 24-4-23 (presumption of correctness from failure to reply to business correspondence).

*Imex Intl. v. Wires Engineering*, 261 Ga. App. 329, 332 (1) (a) (583 SE2d 117) (2003).

Here, Forrest Cambridge admitted receiving some of Redi-Floor's goods and services, and did not dispute that the apartment complex manager was its agent. It only disputed the amount due, and thus the trial court properly charged the jury regarding the evidentiary presumption arising from the failure to reply to the invoice. OCGA § 10-6-64 applies "only to the admissibility of declarations as evidence, and is not pertinent to the present question," which addressed "when declarations and acts of an agent are imputable to the principal." *Grant v. Hart*, 197 Ga. 662, 674 (4) (30 SE2d 271) (1944). Cases involving the inadmissibility of an agent's statement admitting liability are not applicable to this factual scenario. E.g., *Hagan v. Goody's Family Clothing*, 227 Ga. App. 585, 587 (490 SE2d 107) (1997) (slip and fall); *Nat. Life &c. Ins. Co. v. Hullender*, 86 Ga. App. 438, 440-441 (3) (71 SE2d 754) (1952) (insurance agent's knowledge of insured's medical condition).

Accordingly, the trial court did not err in charging the jury regarding the presumption arising from silence.

2. Forrest Cambridge contends the trial court erred in denying its motion for mistrial made after Redi-Floor referred in its opening argument to other vendors' suits against the defendant. The record shows that Forrest Cambridge objected to the statement, the trial court issued a curative instruction, and Forrest Cambridge did not renew the motion for a mistrial. Failure to renew the motion waives it, leaving us nothing to review. *Hill v. Cochran*, 258 Ga. 473, 475 (4) (371 SE2d 94) (1988).

3. Forrest Cambridge asserts the trial court erred in admitting the subcontractor agreement forms under the business records exception to the hearsay rule, pursuant to OCGA § 24-3-14. As it acknowledges, however, it did not object on this ground during the trial, but instead asked the court for a recess when the trial court began granting Redi-Floor's motions to admit into the record copies of the 53 invoices at issue. The trial court held that Forrest Cambridge's "request to the Court demanding that [Redi-Floor's counsel] return to her office and make copies to provide to you is . . . denied by the Court," noting that Forrest Cambridge had seen the bulk of the exhibits during discovery and that it had been given the opportunity to obtain copies of them but declined to do so. Because Forrest Cambridge did not object to the exhibits at trial on the ground that they did not fall within the business records exception to the hearsay rule, we will not consider that argument now. "[W]e are limited on appeal to those grounds presented to and ruled upon by the trial court and then enumerated as error. [Cits.]" *Ehlers v. Schwall & Heuett*, 177 Ga. App. 548, 550 (340 SE2d 207) (1986).

4. Finally, Forrest Cambridge asserts that the trial court erred in denying its motion for a directed verdict, arguing that none of

Redi-Floors' witnesses testified from personal knowledge that the work was done, and thus the company failed to establish that it "actually provided the goods and services to [Forrest Cambridge] reflected in the invoices." "A directed verdict is authorized only when there is no conflict in the evidence on any material issue and the evidence introduced, with all reasonable deductions, demands a particular verdict." (Citation and footnote omitted.) *H. J. Russell & Co. v. Jones*, 250 Ga. App. 28-29 (550 SE2d 450) (2001).

Here, the evidence with all reasonable deductions did not demand a particular verdict. A creditor must prove the delivery of goods to recover on an account, which can be done via copies of numerous invoices issued to the debtor, designating the delivery site, describing the items delivered, and listing the quantity and cost of each item. *Kroger Co. v. U. S. Foodservice of Atlanta*, 270 Ga. App. 525, 529 (2) (607 SE2d 177) (2004). Redi-Floor's invoices and supporting documents constitute such evidence, and once presented, the burden shifted to Forrest Cambridge to refute that proof. Id. Forrest Cambridge did not present any evidence to the contrary, and therefore the trial court properly denied its motion for a directed verdict.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 6, 2009.

*Otis, Cohen & Stewart, Robert H. McKnight, Jr.*, for appellant.
*Isenberg & Hewitt, Harriet C. Isenberg*, for appellee.